HERSEY, Judge.
At the close of the state’s evidence during a probation revocation hearing, appellant raised, for the first time, the illegality of the stop which resulted in an alleged “inventory search” and the seizure of incriminating evidence by law enforcement personnel. The trial court denied appellant’s motion to suppress as untimely.
Appellant was arrested for the incident which constituted a violation of the conditions of his probation on or about July 31, 1981. He first appeared before the trial judge on August 12, 1981 at which time the public defender was appointed to defend him. On August 20,1981 the public defender indicated to the trial judge that he had not yet had an opportunity to meet with appellant. On September 9,1981 the public defender had not completed discovery and requested a continuance of the final hearing. The parties appeared again before the court on September 17, 1981 on a defense motion to compel better discovery. The final hearing occurred on October 19, 1981. Clearly, appellant had ample time and opportunity to determine whether a motion to *845 suppress was in order prior to that date. Nonetheless there was no such motion filed until after the state rested its case.
Because of appellant’s status as a probationer he had only a qualified right to the continued protection of the fourth amendment prohibition against unreasonable searches and seizures. His status did not, however, diminish the protection afforded by Article I, Section 12, of the Florida Constitution, the last sentence of which “is an express constitutional exclusionary rule as distinguished from the federal rule which exists by ease decision.” Grubbs v. State, 373 So.2d 905, 909 (Fla.1979). See also Nealy v. State, 400 So.2d 95 (Fla.3d DCA 1981). Grubbs established the rule that probationer’s status may enter into the determination of whether a search or seizure was reasonable under the circumstances (which circumstances include probationer’s status). The record makes a prima facie showing that the evidence introduced at appellant’s revocation hearing resulted from an unlawful stop. It was, therefore, at least arguable that the evidence was tainted and subject to exclusion upon timely objection to its legality.
The issue is whether Rule 3.190(h)(4) of the Florida Rules of Criminal Procedure applies in probation revocation hearings and, if so, whether it was properly applied under the facts of this case. The rule provides:
The motion to suppress shall be made before trial unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion, but the court may entertain the motion or an appropriate objection at the trial.
In a case involving the discovery rules the supreme court observed:
Additionally, we recognize the clear distinctions between a criminal trial and a violation of probation proceeding. A probation revocation hearing is more informal, the charging affidavit need not comply with the requirements indictments and information must meet, the strict rules of evidence can be deviated from, and the admission of hearsay is not error. Furthermore, there is a lesser burden of proof because only the conscience of the court must be satisfied. This informality highlights the desirability of pre-hearing discovery; the probationer needs the greater accuracy and reliability which discovery affords.
Cuciak v. State, 410 So.2d 916, 918 (Fla.1982).
Appellant’s argument assumes that standards of procedure are to be lowered to benefit the probationer. That is not the case. Probation is a privilege or license granted to one convicted of criminal activity. Revocation of that status because of a violation of conditions imposed in lieu of incarceration is not and obviously should not be circumscribed by the panoply of strict procedural requirements with which the presumption of innocence and other constitutional rights surround an individual initially accused of a crime. In short, the state, having indulged in an act of grace by granting probation, should not be unduly hindered by procedural niceties in seeking to undo that indulgence when a probationer shows his continuing contempt for the rules of an orderly society by engaging in further criminal activity.
Appellant thus loses the argument that, while Rule 3.190(h)(4) may apply in a criminal trial context, he is free to urge an unlawful stop, search or seizure at whatever stage of a probation revocation hearing that suits his own convenience.
There are sound policy reasons for requiring that motions to suppress be filed in advance of trial. Law v. State, 204 So.2d 741 (Fla.2d DCA 1967). Compliance with the rule permits the state, upon the filing of a motion to suppress, to obtain and present evidence on the issue thus raised, which it is obviously unable to do when first confronted with the issue after it has presented its case in chief at trial. The rule also permits the state, in a case where the motion to suppress is granted, to appeal that order (Rule 9.140(c)(1)(B), Florida Rules of Appellate Procedure) so that both parties know before trial whether evidence thus objected to will be admissible at trial.
*846 On the other hand, the rule is not mandatory in requiring that a motion to suppress be made pre-trial. It is expressly provided that the court may entertain such a motion during trial.
For the very policy reasons previously adverted to, however, the trial court’s exercise of discretion in denying the motion here as untimely must be sustained. Appellant, prior to the final hearing, had sufficient time to discover and consider and act upon the facts giving rise to the motion to suppress. His failure to do so compels an affirmance.
The argument is frequently encountered that requiring adherence to any procedural rule “elevates form over substance.” Form (the procedural rules) is the skeleton which holds the body of substantive law together as a cohesive whole. Without the former the latter might well become unavailable and unenforceable. The lack of procedural rules on the one hand or the selective enforcement of those rules on the other will inevitably result in chaos, necessarily accompanied by diminished public esteem for the judicial process. In truth, then, it is not accurate to always equate the enforcement of a procedural rule with giving it preeminence over substantive rights. There is a delicate balance which must be struck between the two. In proper perspective the requirement of an orderly system ultimately assures rather than constricts the availability of substantive rights. We do no more than maintain that perspective here.
We specifically do not foreclose further inquiry into the issue of whether or not the evidence involved here was illegally obtained and thus fatally tainted. Nor is our opinion intended to prejudice appellant’s right to obtain such further inquiry by the use of any means available to him and under the constitution, statutes, rules of procedure or case law. We simply hold that the trial court acted within the parameters of his sound discretion in denying appellant’s motion to suppress, filed as it was, untimely.
AFFIRMED.
HURLEY and DELL, JJ., concur.