418 So.2d 1081 (1982)
A.C. KIBLER, Beatrix Meyer-Burghagen, and Freedom of Choice Realty, Inc., Appellants,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, Appellee.
No. 81-865.
District Court of Appeal of Florida, Fourth District.
August 4, 1982.
As Corrected August 16, 1982.
Rehearing Denied September 14, 1982.
Bruce J. Daniels of Lesser, Daniels & Shalloway, P.A., West Palm Beach, for appellants.
*1082 Frederick H. Wilsen, Asst. Gen. Counsel, Tallahassee, for appellee.
ANSTEAD, Judge.
This is an appeal from a final order of the Florida Board of Real Estate for disciplinary action against appellants A.C. Kibler, Beatrix Meyer-Burghagen and Freedom of Choice Realty, Inc. We reverse.
On July 29, 1980, the probable cause panel of the Florida Board of Real Estate met in Orlando, Florida. Those present at the meeting were Mrs. Bishop, as chairwoman; Mr. Wilsen, assistant general counsel; and Mr. Stafford, a member of the Orlando Real Estate Commission. Item Twenty on the agenda was an allegation that appellants and one Richard Testut had violated section 475.25(1)(b), Florida Statutes. Mrs. Bishop "sustained" this charge, and, on September 22, 1980, the Department of Professional Regulation filed an administrative complaint against Testut, Kibler and Meyer-Burghagen, all licensed real estate brokers, alleging that they had conspired with Stephen E. Thomas Jr., a layman, to solicit and obtain money from inactive licensees by making false and misleading statements. Appellants and Testut denied the charges and a hearing was held on December 12, 1980 before William Thomas, a hearing officer. Respondents also filed a motion to quash, asserting the Board of Real Estate's probable cause panel was improperly constituted. Ruling on the motion was reserved, and later denied, and the hearing officer proceeded to receive conflicting evidence as to the existence of the alleged conspiracy and the participation of appellants and Testut therein.
On February 18, 1981, the hearing officer filed a recommended order concluding that the charges against appellants had not been proven and should be dismissed. The Department filed exceptions. Subsequently, the Board of Real Estate rendered its final order rejecting the hearing officer's recommended order and ordered that the licenses of Testut, Kibler, Meyer-Burghagen and Freedom of Choice Realty, Inc. be suspended for ninety days and the school permit of Meyer-Burghagen be suspended for one year. The final order provided:
The Board of Real Estate upon a review of the complete record and hearing arguments from both Petitioner and Respondents rejects the Hearing Officer's Recommended Order. The Board of Real Estate rejects the Hearing Officer's Findings of Fact and accepts the Findings of Fact set forth in Petitioner's Exceptions and the administrative complaint. Therefore the Board of Real Estate states that the Hearing Officer's Findings of Fact were not based upon competent substantial evidence.
The appellants then filed a notice of administrative appeal.
Initially, appellants assert that the final order rejecting the recommendation of the hearing examiner is in violation of section 120.57(1)(b)(9), Florida Statutes, which provides:
The agency may adopt the recommended order as the agency's final order. The agency in its final order may reject or modify the conclusions of law and interpretation of administrative rules in the recommended order, but may not reject or modify the findings of fact unless the agency first determines from a review of the complete record, and states with particularity in the order, that the findings of fact were not based upon competent substantial evidence or that the proceedings on which the findings were based did not comply with essential requirements of law. The agency may accept or reduce the recommended penalty in a recommended order, but may not increase it without a review of the complete record. In the event a court reverses an agency's order, the court in its discretion may award attorney's fees and costs to the aggrieved prevailing party. (Emphasis supplied.)
Appellants contend that the Board failed to state "with particularity" those findings that it rejected. We agree that the order was deficient in this regard. A similar order recommending dismissal of an administrative complaint against a general contractor *1083 was found by this court to be defective in Borovina v. Florida Construction Industry Licensing Board, 369 So.2d 1038 (Fla. 4th DCA 1979). The Board's order is distinguishable from the order in Borovina only because, here, there are documents incorporated by reference. However, the administrative complaint is nothing more than a list of allegations and the exceptions are nothing more than the Department's view of what the examiner should have done.
It is also apparent that the Board failed to accord the recommended order of the hearing examiner the dignity it deserves. In essence, the final order is nothing more than a substitution of one set of findings for another. The proper relationship between administrative agency and hearing examiner is summarized in the case of Venetian Shores Home and Property Owners v. Ruzakawski, 336 So.2d 399, 401 (Fla. 3d DCA 1976):
We believe the entire tenor of the provisions of the Administrative Procedure Act having to do with the functions of a Hearing Examiner leads to the inescapable conclusion that the action of the agency, after a full hearing, is in the nature of a procedural review. Extensive provisions are made for remand or correction where the hearing is not complete or in accordance with the rules of due process, but there is no provision which suggests that the agency should make a new judgment upon the evidence. This relationship between agency and examiner is not new to the law. The rule long applied in chancery matters is that where a master is appointed to take the evidence and report the same, together with his findings of fact and conclusions of law, his findings should be approved by the chancellor unless clearly erroneous or it appears that the master has misconceived the legal effect of the evidence. Frank v. Frank, Fla. 1954, 75 So.2d 282. We do not think that the Administrative Procedure Act can be read to grant to the head of an agency greater powers over an examiner's findings than those of a trial judge over the findings of a master in chancery.
In other words, the Board is not authorized to substitute its interpretation of the facts for that of the hearing officer who was personally able to weigh the evidence and evaluate the testimony and demeanor of the witnesses. Sapp v. Florida Board of Nursing, 384 So.2d 254, 256 (Fla. 2d DCA 1980). The Department concedes that there was conflicting evidence as to the existence of a conspiracy and the appellants' participation therein.[1]
If this cause did not require reversal based on the Board's failure to accord the findings of the hearing examiner the proper presumption of validity, it would still require reversal based on the improper constitution and action of the probable cause panel. The Department contends that the statute and regulations are silent on the number of members required to form a probable cause panel. But Rule 21V-20.09 of the Florida Administrative Code, containing the operating rules of the Board, declares: "The probable cause panel shall be composed of not less than two members of the Board, one of which shall be a lay member of the Board." And Section 455.225(3), Florida Statutes (1981), describing discipline of professions and occupations, provides, "The [probable cause] panel ... shall be composed of board members, but not more than one of the panel members shall be a lay member." Despite these clear requirements that there be at least two members, one broker and one lay person, the Board accepted the recommendation of a panel that consisted of only one Board member, Mrs. Bishop, who is a broker. The requirements quoted above were clearly violated by the Board.
*1084 Additionally, appellants claim the panel failed to properly consider the issue of probable cause. Section 455.255(3), Florida Statutes, requires a "determination" of probable cause by the panel, clearly implying the need for some form of evaluation. The record reflects that the only consideration of the charge filed against appellants below was as follows:
THE CHAIRMAN: Fifteen is sustained and so is sixteen. Seventeen, eighteen, nineteen. I don't think I had twenty.
MR. WILSON: Twenty is the one that was hand delivered. It was delivered yesterday.
THE CHAIRMAN: Oh, yes. Okay. Twenty is this one. Are you aware of which one it is? Okay. Twenty is sustained. Twenty-one, twenty-two, twenty-three. That completes the sustained docket. On the next sheet we have... .
Apparently item twenty on the docket was the charge against appellants. There was no evidence submitted or further discussion of the charge. In our view, this dialogue is better described as a "rubber stamp" than a determination and is clearly in violation of section 455.255(3). To sustain a probable cause determination there must be some evidence considered by the panel that would reasonably indicate that the violations alleged had indeed occurred.
We would be remiss if we did not also express our concern as to the response of the Department as to the errors discussed herein essentially to the effect that "this is the way we do things" notwithstanding the existence of the statutes and rules to the contrary. Recently, in another context, we had occasion to comment on the necessity for adherence to basic rules of procedure:
The argument is frequently encountered that requiring adherence to any procedural rule "elevates form over substance." Form (the procedural rules) is the skeleton which holds the body of substantive law together as a cohesive whole. Without the former the latter might well become unavailable and unenforceable. The lack of procedural rules on the one hand or the selective enforcement of those rules on the other will inevitably result in chaos, necessarily accompanied by diminished public esteem for the judicial process. In truth, then, it is not accurate to always equate the enforcement of a procedural rule with giving it preeminence over substantive rights. There is a delicate balance which must be struck between the two. In proper perspective the requirement of an orderly system ultimately assures rather than constricts the availability of substantive rights.
Morning v. State, 416 So.2d 844 (Fla. 4th DCA 1982). The adherence to rules and statutes by the very agency charged with their enforcement is especially necessary if the public and the parties regulated are to maintain respect and confidence in the decisions rendered by the agency. It is one thing to seek the revision or removal of unnecessary or burdensome rules and regulations. But to ignore such rules while they remain in force is to invite disrespect and will ultimately result in a breakdown of the system.
Accordingly, for the reasons set out above we reverse the order of the Board and direct that an order be entered approving the findings of the hearing examiner.
HERSEY, J., and OWEN, WILLIAM C., Jr., (Retired), Associate Judge, concur.
NOTES
[1] The Department erroneously attempts to rebut this point by asserting that there is evidence to support the Board's order. The Department also expresses the view that the Board was entitled to reject the findings of fact of the hearing examiner because "there is competent substantial evidence to the contrary." This turns the competent substantial rule on its head. The proper question is whether there is evidence to sustain the hearing examiner's findings. If there is, then the Board cannot reject such findings and adopt its own.