DAUKSCH, Judge.
This is an appeal from an order of the Department of Professional Regulation which revoked appellant’s license as a construction contractor.
Notwithstanding the clear and sound ruling of the Fourth District Court of Appeal in Kibler v. Department of Professional Regulation, 418 So.2d 1081 (Fla. 4th DCA 1982), the Department chose to disregard the statutory mandate requiring a meaningful probable cause determination before proceeding further toward license revocation. § 455.225(3), Fla.Stat. (1983).
*396 The position of the Department in this appeal is most confrontational. First, this executive body failed to follow a legislative (statutory) requirement and then failed to honor a judicial (Kibler) interpretation and mandate. It makes no excuse for not following the statute — it merely argues the appellant failed to prove it did not. Appellant properly sought discovery of the probable cause proceedings. The appellee furnished something in response. What was furnished was no better than what was in Kibler. So, either the Department did not perform its duty as required by statute and Kibler or it has not furnished the entire record to appellant and this court; violating the law, or stonewalling, or both.
The Department likewise makes no excuse for not following Kibler. First, in its brief it says appellant never tried to obtain the transcript of the proceedings. Yet in the record before us we find a request for the composition of the probable cause panel and a request for a copy of the findings and evaluation of the probable cause panel. The Department in response furnished a transcript of the panel’s proceedings. Speaking directly about Kibler the Department sees fit to comment
It has only been cited twice so far, and neither of those two cases elaborate substantively on the Kibler rationale. See Beckum v. DPR, 427 So.2d 27[6] (Fla. 1st DCA 1983); Dikiempis [sic] v. DPR, 421 So.2d 693 (Fla. 2d DCA 1982). Kibler therefore is not the last word on the subject of probable cause proceedings, but only the first word. The full parameters [sic] of Kibler have yet to be drawn by Florida’s courts.
No person, be he a government official or a private individual should ignore a court ruling, no matter how much he may disagree. If aggrieved he should appeal. For this government body to take the position that more courts need to rule on a statute or another legal matter before it will comply is violative of all basic principles of the separation of powers under which this republic has chosen to live.
We agree with Kibler and adopt its reasoning here. The order appealed is reversed and this cause is remanded to the department to begin again with the processing of this matter, following all statutory requirements and affording all rights to its licensee.
REVERSED and REMANDED.
FRANK D. UPCHURCH and COWART, JJ., concur.