549 So.2d 715 (1989)
DEPARTMENT OF PROFESSIONAL REGULATION, DIVISION OF REAL ESTATE, Appellant/Cross Appellee,
v.
TOLEDO REALTY, INC. and Ramiro Alfert, Appellees/Cross Appellants.
No. 88-2182.
District Court of Appeal of Florida, First District.
September 20, 1989.
*716 Lisa S. Nelson, Dept. of Professional Regulation, Tallahassee, for appellant/cross appellee.
Patricia Ann Ash and Harold M. Braxton, P.A., Miami, for appellees/cross appellants.
ERVIN, Judge.
The Department of Professional Regulation (DPR) appeals a final order of a Division of Administrative Hearings officer, awarding attorney's fees against it pursuant to the provisions of Section 57.111, Florida Statutes (1987), the Florida Equal Access to Justice Act (FEAJA). Alfert cross appeals the order denying him fees. We reverse and remand as to the former appeal, and affirm as to the latter.
The present action for fees was instituted following the conclusion of a disciplinary proceeding in which DPR had accepted the recommended order of a hearing officer to dismiss a disciplinary complaint filed against Toledo Realty, Inc. (TRI), and Alfert. The basis of the hearing officer's denial of fees to Alfert in the present action was that, because Alfert was an employee of TRI, he therefore did not fall within the definition of a small business party, as provided in section 57.111(3)(d). We agree. The evidence supports this determination, and the issue of Alfert's status as a small business party is controlled by Thompson v. Department of Health & Rehabilitative Servs., 533 So.2d 840 (Fla. 1st DCA 1988) (FEAJA does not apply to individual employees). We therefore affirm that part of the order denying Alfert fees.
In regard to DPR's appeal from the award of fees to TRI, DPR argues that the hearing officer in reaching his decision incorrectly refused to consider evidence contained in DPR's investigative file which had supported its probable cause determination. The hearing officer's order stated that only the transcript of the probable cause panel's proceeding was admissible in a determination of whether the agency was substantially justified in initiating the disciplinary complaint. DPR accordingly seeks reversal of the fee award, asking that we direct the hearing officer to conduct further proceedings, during which he will then take into consideration the contents of the investigative file of the Division of Real Estate (Division) for the purpose of deciding the issue of substantial justification. We agree with appellant that the hearing officer, in awarding attorney's fees in favor of TRI, did not properly take into account the Division's investigative file and therefore reverse and remand the cause with directions.
In excluding from his determination the investigative report, the hearing officer stated:
Although an investigative report has been made a part of this record, there is no evidence that it was reviewed or considered by the panel before a finding of probable cause was made. Thus, the record is silent as to whether a "meaningful" inquiry was conducted by the panel as required by law. Kibler v. Department *717 of Professional Regulation, 418 So.2d 1081 (Fla. 4th DCA 1982). This being so, it is concluded that the Division has failed to establish that the probable cause panel was substantially justified in initiating Case No. 87-3189. [Footnote omitted.]
The hearing officer's initial finding that there was no evidence that the investigative report was reviewed by the probable cause panel is not supported by the record. DPR's exhibit number 2 (the probable cause memorandum of the panel) recites that the panel members had reviewed the investigative file in reaching a determination of probable cause. We also note that the hearing officer did not make a finding that the investigative file was inadmissible as competent evidence for some stated reason, such as hearsay. Indeed, the contents of the investigative report would appear to be a proper exception to the hearsay rule as a public record of the agency. See § 90.803(8), Fla. Stat. (1987).
Before further discussing the issue regarding whether the hearing officer correctly excluded from consideration the probable cause panel's investigative report in a proceeding for attorney's fees brought pursuant to the act, we consider it essential to address a latent issue necessarily entwined with the issue before us, that is which party bears the burden of persuasion in establishing a claim for attorney's fees. The hearing officer correctly placed the initial burden on TRI to establish by a preponderance of evidence, first, that it had prevailed in the earlier disciplinary proceeding, and second, that it was a small business party as defined by the statute. Once he found the licensee had met the above burden, he then placed the burden on the agency to establish whether it was substantially justified in prosecuting the administrative complaint.
We approve of the hearing officer's interpretation of the statute, insofar as it relates to the parties' respective burdens. We consider that his construction is consistent with the legislative purpose, as provided in section 57.111(2), which is "to diminish the deterrent effect of ... defending against[] governmental action by providing in certain situations an award of attorney's fees and costs against the state," and as provided in subsection (4)(a) thereof, stating:
Unless otherwise provided by law, an award of attorney's fees and costs shall be made to a prevailing small business party in any adjudicatory proceeding or administrative proceeding pursuant to chapter 120 initiated by a state agency, unless the actions of the agency were substantially justified or special circumstances exist which would make the award unjust.
We have previously observed that the FEAJA is generally modeled after its federal counterpart (the Equal Access to Justice Act (EAJA), 5 U.S.C. § 504 (1980)) and that it will take the same construction in the Florida courts as its prototype has been given in the federal courts, insofar as such construction is harmonious with the spirit and policy of Florida legislation on the subject. Gentele v. Department of Professional Regulation, Bd. of Optometry, 513 So.2d 672, 673 (Fla. 1st DCA 1987). Section 504(a)(1) of the EAJA, similar to Section 57.111(4)(a), Florida Statutes, provides:
(a)(1) An agency that conducts an adversary adjudication shall award, to a prevailing party other than the United States, fees and other expenses incurred by that party in connection with that proceeding, unless the adjudicative officer of the agency finds that the position of the agency was substantially justified or that special circumstances make an award unjust.

(Emphasis added.)
In the federal sector, after the government raises the defense that its action in initiating a proceeding against an affected party was substantially justified, the burden is placed on the government to establish such defense. This principle is well exemplified by the following comments contained in the House Report of the Judiciary Committee accompanying the passage of the EAJA:
Under S. 265, fees will be awarded unless the Government can show that its *718 action was substantially justified or that special circumstances make an award unjust. This standard balances the constitutional obligation of the executive branch to see that the laws are faithfully executed against the public interest in encouraging parties to vindicate their rights.
* * *
The test of whether or not a Government action is substantially justified is essentially one of reasonableness. Where the Government can show that its case had a reasonable basis both in law and fact, no award will be made. In this regard, the strong deterrents to contesting Government action require that the burden of proof rest with the Government. This allocation of the burden, in fact, reflects a general tendency to place the burden of proof on the party who has readier access to and knowledge of the facts in question. The committee believes that it is far easier for the Government, which has control of the evidence, to prove the reasonableness of its action than it is for a private party to marshal the facts to prove that the Government was unreasonable.
H.R.Rep. No. 1418, 96th Cong., 2d Sess. 10, reprinted in 1980 U.S. Code Cong. & Admin.News 4984, 4989. See also White v. United States, 740 F.2d 836, 839 (11th Cir.1984); Enerhaul, Inc. v. NLRB, 710 F.2d 748, 750 (11th Cir.1983). The above portion of the comments, establishing the standard of reasonableness, i.e., that the government show that its "case had a reasonable basis in both law and fact," has been explicitly adopted by the Florida Legislature. See section 57.111(3)(e), providing: "A proceeding is `substantially justified' if it had a reasonable basis in law and fact at the time it was initiated by a state agency."
Although we agree with the hearing officer's preliminary determination that the burden was upon the agency to prove  once the licensee presented evidence showing that it was a prevailing small business party  that its action in prosecuting the administrative complaint was substantially justified, we cannot agree with the officer's conclusion that the investigative file was not competent or relevant evidence relating to that issue or that the record of the entire proceeding was necessary to support the agency's defense. In so saying, we first observe that there is no similar provision in the FEAJA to that of the EAJA, which provides: "Whether or not the position of the agency was substantially justified shall be determined on the basis of the administrative record, as a whole, which is made in the adversary adjudication for which fees and other expenses are sought." 5 U.S.C. § 504(a)(1) (1985) (emphasis added). Accordingly, we conclude there is no impediment to the agency's submission of only a portion of the evidence considered by the probable cause panel  such as the investigative report  in support of the defense raised, if it is not inadmissible for some other reason such as irrelevance or incompetence.
TRI relies also upon Kibler v. Department of Professional Regulation, 418 So.2d 1081 (Fla. 4th DCA 1982), for the position that the entire record of the probable cause proceeding is essential to a determination of whether the agency was substantially justified in bringing the administrative action against it. Kibler is not, however, dispositive of the issue of whether an investigative file that was considered by a probable cause panel is competent or relevant evidence in a later proceeding for attorney's fees. Rather, the issue in Kibler was whether the reviewing agency acted correctly in rejecting a hearing officer's recommended findings of fact on an incomplete record following a Section 120.57(1), Florida Statutes, adversary proceeding relating to the prosecution of a disciplinary complaint. In reversing the agency's action, the Fourth District specifically noted the provisions of section 120.57(1)(b)10, regarding the requirement that the reviewing agency shall not reject or modify the recommended findings of a hearing officer, unless the agency first determines from a review of the complete record that the officer's findings were not based upon competent, substantial evidence. Kibler was simply a recognition of the rule, well established by Florida courts in their interpretation *719 of the Administrative Procedure Act, that a reviewing agency may not reject the recommended findings of a hearing officer following a section 120.57(1) adversary proceeding, unless the agency had the opportunity to review the entire record of the 120.57 proceeding.
Kibler did not address the issue of whether the contents of an investigative report may constitute evidence supportive of a probable cause determination in a later proceeding for fees and costs brought pursuant to the FEAJA. In fact, Kibler specifically recognizes that in order "[t]o sustain a probable cause determination there must be some evidence considered by the panel that would reasonably indicate that the violations alleged had indeed occurred." Kibler, 418 So.2d at 1084 (emphasis added). Indeed, the procedure set forth under Section 455.225, Florida Statutes (1987), relating to disciplinary proceedings initiated by a regulatory agency, clearly suggests that an investigative report may be the most substantial and relevant evidence necessary to assist the panel in rendering a decision of whether probable cause exists for the issuance of a formal complaint against the licensee. Specifically, subsection (2) thereof provides that once an investigation is complete, the DPR shall prepare and submit to the probable cause panel the investigative report of the DPR, which shall include the investigative findings and the recommendations of the DPR concerning the existence of probable cause. Finally, subsection (3) of the statute provides that the probable cause panel shall make its determination of probable cause within 30 days after receipt by it of the final investigative report.
Clearly, there was some evidence before the panel in the form of the investigative report on which it based its decision to file the administrative complaint against the licensees. From our examination of section 455.225, it appears that a panel's decision of whether to initiate a disciplinary action against a licensee is not subject to the requirements of section 120.57, in that a probable cause determination may be made without the licensee present. Moreover, section 455.225(3) specifically states that the strictures of chapter 120 are applicable only after the complaint has been filed and the investigation completed. Therefore, we conclude, by reference to the statutory procedure outlined under section 455.225, that although a review of the entire transcript of the proceedings before the panel might be helpful in deciding whether the panel's initiation of prosecution was substantially justified, it is nonetheless not essential to a resolution of such issue.
The cause is remanded to the hearing officer to consider whether the report was otherwise competent or relevant to the defense raised, and, if so, whether it supported such defense.
AFFIRMED in part, REVERSED in part and REMANDED.
SHIVERS, C.J., and JOANOS, J., concur.