602 So.2d 1337 (1992)
Frank A. BROWN, Ph.D., Appellant,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, BOARD OF PSYCHOLOGICAL EXAMINERS, Appellee.
No. 91-1630.
District Court of Appeal of Florida, First District.
July 23, 1992.
Paul Watson Lambert, Tallahassee, for appellant.
Lisa S. Nelson, Asst. General Counsel, Dept. of Professional Regulation, Tallahassee, for appellee.
ZEHMER, Judge.
Dr. Frank Brown, a psychologist licensed to practice psychology in Florida, appeals an order of the Department of Professional Regulation entered after a Probable Cause Panel of the Board of Psychological Examiners determined that probable cause existed to believe that Dr. Brown had violated Chapter 490, Florida Statutes. The appealed order denies Dr. Brown's requests for a formal hearing and a finding of improvidently *1338 determined probable cause. We reverse, holding that the Department is collaterally estopped from litigating the sole issue on which the final order under review is based because that issue was adjudicated in appellant's favor in a prior administrative proceeding between Dr. Brown and the Board.
The Department filed an administrative complaint against Dr. Brown in August 1989, alleging that he had violated sections 490.009(2)(k), (p), and (s), and 490.0111, Florida Statutes (1981-1986), by reason of his love affair with R.B., a woman who was his former patient. The Department voluntarily dismissed the counts of that complaint charging Dr. Brown with violating sections 490.009(2)(k) and 490.0111, which left for hearing and decision only the alleged violations of subsections (p) and (s). The 1989 case proceeded to formal hearing before a hearing officer from the Division of Administrative Hearings. Based on the evidence received, the hearing officer entered a recommended order finding that the evidence failed to prove the allegation that Dr. Brown had violated section 490.009(2)(p) by being unable to practice psychology with reasonable skill or competence as a result of illness, drunkenness, or excessive use of drugs, narcotics, chemicals, or any other substance. The hearing officer also found that the evidence did not establish any nexus between Dr. Brown's conduct and his practice of psychology and thus did not establish that Dr. Brown had violated section 490.009(2)(s). Based on the findings of fact and conclusions of law set forth, the hearing officer recommended that the Board dismiss the administrative complaint against Dr. Brown. On June 29, 1990, the Board entered a final order wherein it adopted all of the findings of fact and conclusions of law in the recommended order and dismissed the complaint.
On June 19, 1990 (ten days before the final order was entered in the 1989 case), the Department filed a second complaint against Dr. Brown alleging that during the time Dr. Brown was engaged in his love affair with R.B., he was providing psychological services to the children of R.B. and this was a possible violation of section 490.009(2)(s), Florida Statutes. The Department based this allegation on information, discovered in connection with the 1989 case, that Dr. Brown had tested R.B.'s children for scholastic purposes and had sent the results to a school the children were attempting to enter without revealing the fact that he was romantically involved with the children's mother. On February 14, 1991, the Board's Probable Cause Panel met, without giving any notice to Dr. Brown, to discuss this complaint. The Panel determined that "probable cause exists to believe that [Dr. Brown] violated Chapter 490, Florida Statutes" and directed the Department to issue a "letter of guidance" to Dr. Brown in lieu of further administrative action. On March 14, 1991, pursuant to section 455.225(4), Florida Statutes (1990 Supp.), the Department issued the letter of guidance to Dr. Brown, stating in pertinent part:
This letter is sent to inform you of the action in regard to the above-referenced complaint. This complaint concerned allegations that you failed to meet minimum standards of performance in professional activities in violation of Section 490.009(2)(s), Florida Statutes.
It has been determined that probable cause exists to believe that you have violated the provisions governing the practice of psychology. In light of the circumstances presented, however, this case is closed with issuance of this Letter of Guidance in lieu of further administrative action.
It has been noted that your professional care for the patient's children while involved with the patient on a personal basis, without disclosure to the father and the school falls below minimum standards. The Panel recommends that you review current literature regarding dual relationship issues.
After receiving this letter, Dr. Brown filed a "Request for Finding of Improvidently Determined Probable Cause ..." and, alternatively, requested a formal hearing. On April 24, 1991, the Department entered a final order stating that it did not have the statutory authority to reconsider *1339 the panel's finding; that letters of guidance are not decisions affecting substantial interests, so no hearing is required; that there is no identity of issues between the 1989 case and the 1990 case, as the former concerns Dr. Brown's treatment of R.B. and her husband, while the latter concerns Dr. Brown's treatment of R.B.'s children; and that there was no merit to Dr. Brown's allegation that Dr. Wilmoth, a member of the panel, was biased and should have been disqualified.
Appealing this order, Dr. Brown first argues that he is entitled to a section 120.57(1) hearing to dispute the probable cause determination upon which the letter of guidance is premised. He argues that a probable cause determination is a permanent, indelible public record upholding a complaint that alleges wrongdoing, and that when anyone makes inquiry to the Department concerning his record, this determination may be revealed. Furthermore, he argues, the letter of guidance constitutes an order determining guilt and can be used as such against him in the future. Because these actions affect his substantial interests, Dr. Brown argues, he is entitled to an evidentiary hearing pursuant to section 120.57(1).
The Department stated in the appealed order that while subsection 455.225(4), Florida Statutes (1989), provides for commencement of proceedings pursuant to chapter 120, Florida Statutes (1989), the subsection provides for such proceedings only upon the filing of a formal complaint. According to the Department, letters of guidance are neither formal complaints nor decisions affecting a licensee's substantial interests; thus, a licensee who receives a letter of guidance is not entitled to a section 120.57 hearing. As support for its position, the Department cites Department of Professional Regulation v. Toledo Realty, Inc., 549 So.2d 715 (Fla. 1st DCA 1989), as dealing with the "very issue" presented in this case.
We do not accept the Department's argument that Toledo Realty addresses the issue presented here. As we characterize it, the issue in this case is whether, once a probable cause panel has determined that probable cause exists to find that the licensee has committed a statutory violation and has directed the Department to issue a letter of guidance rather than file a formal complaint, the licensee is entitled to a section 120.57 evidentiary hearing to accord him an opportunity to prove that probable cause was improvidently found. Toledo Realty addressed only whether, when ruling on a motion for attorney's fees against an agency under section 57.111 (the Florida Equal Access To Justice Act) on the ground that the agency was not substantially justified in initiating the disciplinary complaint, a hearing officer is required to consider evidence contained in the Department's investigative file that supported the Department's probable cause determination. In reaching a decision on this issue, we noted that the disciplinary procedure set forth in section 455.225(3), Florida Statutes (1987), clearly suggests that an investigative report may be the most substantial and relevant evidence in determining that probable cause exists to issue a formal complaint. The court further stated:
From our examination of section 455.225, it appears that a panel's decision of whether to initiate a disciplinary action against a licensee is not subject to the requirements of section 120.57, in that a probable cause determination may be made without the licensee present. Moreover, section 455.225(3) specifically states that the strictures of chapter 120 are applicable only after the complaint has been filed and the investigation completed.
549 So.2d at 719. Based on this analysis of section 455.225, we held that, although review of the entire transcript of the proceedings before the panel might have been helpful in determining whether the panel's initiation of the prosecution was substantially justified, such review was not essential to resolution of that issue. 549 So.2d at 719.
Toledo Realty is not dispositive of the issue now before us for at least two reasons. First, the scope of the applicability of section 120.57 to disciplinary proceedings instituted under section 455.225 was not an issue squarely before the court.
*1340 Hence, our discussion of the application of section 120.57 to proceedings pursuant to section 455.225 in circumstances not then before the court was nonbinding dicta. See Adams v. Aetna Ins. Co., 574 So.2d 1142, 1150-1154 (Fla. 1st DCA), rev. dismissed, 581 So.2d 1307 (Fla. 1991). More importantly, we did not expressly interpret section 455.225(3), Florida Statutes (1987) (renumbered § 455.225(4) in 1989), to mean that a licensee is not entitled to a section 120.57 hearing after a panel determination of probable cause and issuance of a letter of guidance rather than a formal complaint.
Turning now to the express language of the statutes involved, subsection 455.225(4) expressly provides that if the Department files a formal complaint, such complaint shall be prosecuted pursuant to the provisions of chapter 120. This subsection does not, however, preclude a hearing pursuant to chapter 120 in the event the Probable Cause Panel decides, upon a finding of probable cause, to direct the Department to issue a letter of guidance rather than file a formal complaint. Moreover, subsection 455.225(5) states:
A formal hearing before a hearing officer from the Division of Administrative Hearings of the Department of Administration shall be held pursuant to chapter 120 unless all parties, including the Department of Professional Regulation, agree in writing that there is no disputed issue of material fact. The hearing officer shall issue a recommended order pursuant to chapter 120. If any party raises an issue of disputed fact during an informal hearing, the hearing shall be terminated and a formal hearing pursuant to chapter 120 shall be held.
Similarly, section 120.57, Florida Statutes (1989), states in part:
The provisions of this section apply in all proceedings in which the substantial interests of a party are determined by an agency... . Unless waived by all parties, subsection (1) [formal proceedings] applies whenever the proceeding involves a disputed issue of material fact.
In this case, the matters determined by the probable cause panel involved disputed issues of material fact. For example, the "Request for Finding of Improvidently Determined Probable Cause ..." filed by Dr. Brown reflects that he disputes whether administration of a Myers-Briggs test (the test he administered to the children) constitutes a psychological service. Moreover, the transcript of the probable cause panel's meeting shows that Dr. Brown's substantial interests are, in fact, affected by the panel's determination of probable cause and issuance of the letter of guidance. Panel member Booth stated on the record that by closing the case with a letter of guidance, the letter would become part of Dr. Brown's disciplinary file. Panel member Gaffney observed that if Dr. Brown should commit the same violation again, she could use the letter to show that "he knew what he was doing, he knew it was wrong. That can establish a pattern of that, as well as prior knowledge." Ms. Gaffney added,
When you check a disciplinary record on a person, look up a name or license number, it prints out everything on the license number. And whatever the closure was of that case is noted by way of a code. .. . A PL06 is a letter of guidance ... So you can determine what happened on a case. If it's something that's PL something, you can look at it and potentially use it for something else.
By the panel's own admission, a letter of guidance affects the licensee's substantial interests as it can be accessed by members of the public as well as the Board and can be used against Dr. Brown in the event of future proceedings. We hold, therefore, that the probable cause determination and letter of guidance do affect Dr. Brown's substantial interests within the meaning of section 120.57, that Dr. Brown adequately and timely advised the Board and the Department that this probable cause proceeding involved disputed issues of fact, and that Dr. Brown was thus entitled to a section 120.57 hearing as requested.
We do not remand with directions to afford Dr. Brown such a hearing, however, as our decision on appellant's second point requires that the complaint filed in the 1990 case be dismissed because the sole issue raised in that complaint was previously litigated to a favorable conclusion for Dr. Brown in the 1989 case.
*1341 The doctrine of collateral estoppel bars a party from litigating in a second action issues that were adjudicated in prior litigation between the same parties or their privies. Trucking Employees of North Jersey Welfare Fund, Inc. v. Romano, 450 So.2d 843 (Fla. 1984). The doctrine of collateral estoppel is applicable to administrative orders and decisions. See Walley v. Florida Game & Fresh Water Fish Commission, 501 So.2d 671 (Fla. 1st DCA 1987). See also 1 Fla.Jur.2d Administrative Law 92 (1977).
The Department initiated the 1990 "informal" complaint against Dr. Brown pursuant to subsection 455.225(1), Florida Statutes (1989), which states in part:
Unless a complaint has been filed with the department or the department has been specifically authorized by statute, the department may not initiate an investigation unless it has reasonable cause to believe that a licensee or a group of licensees has violated a Florida statute, a rule of the department, or a rule of a board.

(Emphasis added.) The sole allegation contained in that 1990 complaint reads as follows:
[Dr. Brown] stated during testimony in previous DPR case (89-0599 DOAH) that he had engaged in a love affair with a client whose children he was counseling. Possible violation of Section 490.009(2)(s), F.S.
The 1989 complaint alleged, inter alia, that Dr. Brown had participated in a romantic/sexual affair with a woman (R.B.) he was counseling and this conduct violated subsection 490.009(2)(s), Florida Statutes. Subsection 490.009(2)(s), Florida Statutes (1985), states that the following constitutes grounds for disciplinary action:
Failing to meet the minimum standards of performance in professional activities when measured against generally prevailing peer performance, including the undertaking of activities for which the licensee or certificate holder is not qualified by training or experience.
The recommended order entered in the 1989 case contains the following finding of fact:
The other contacts, referenced by R.B.'s husband's testimony as supporting a professional relationship between him and Respondent, occurred well after R.B.'s therapy had terminated. The contacts variously involved obtaining advice from Dr. Brown on the impending death of a relative during an otherwise social gathering at the B.'s home, asking Dr. Brown, during a lunch meeting, for help with sexual problems for which Dr. Brown referred him to another psychologist, and testing of the B's children for scholastic purposes. All such contacts appear to have been given in friendship and not in a professional capacity.

(Emphasis added.) The final order entered by the Board in the 1989 case adopted this as well as all the other findings of fact and conclusions of law in the recommended order, and pursuant thereto dismissed the 1989 case.
The above-quoted finding of fact establishes that the sole allegation of misconduct in the 1990 complaint was actually litigated in the 1989 case. The record in that case contains evidence that the results of testing the children were submitted to the school. The Department, the Board, and the Probable Cause Panel became bound by the determination of fact that Dr. Brown's testing of R.B.'s children was done as an act of friendship and not in a professional capacity, and that Dr. Brown did not violate section 490.009(2)(s) because a nexus between Dr. Brown's conduct and his practice of psychology did not exist. The Department, Board, and Panel are thus collaterally estopped from reasserting any charge of professional misconduct predicated on these acts.
The appealed order is reversed and this cause is remanded with directions to dismiss the complaint filed in the 1990 case.
REVERSED AND REMANDED.
MINER and WEBSTER, JJ., concur.