PER CURIAM.
Appellant, William March, was sanctioned by appellee, Division of Pari-Mutuel Wagering (Division). We reverse.
Appellant is the trainer of a winning racehorse. A routine urine sample was taken from the horse and tested by the Division. It allegedly tested positive for the presence of a tranquilizer. Based upon the test results, the Division conducted a hearing.
In accordance with Rule 7E-1.00610 of the Florida Administrative Code, appellant requested that the Division furnish a split sample of the urine in order to conduct independent testing. The Rule provides that a request for a split sample “shall operate as a *291 stay of any hearing” until the sample is obtained and analyzed. Fla.Admin.Code R. 7E-1.00610. Appellant neither received the split sample nor was there a stay of his hearing.
Failure to adhere to the stay rule was error. See Phibro Resources Corp. v. State, Dep’t of Envtl. Regulation, 579 So.2d 118, 123 (Fla. 1st DCA), appeal dismissed, 592 So.2d 679 (Fla.1991). As stated in Kibler v. Department of Professional Regulation, 418 So.2d 1081, 1084 (Fla. 4th DCA 1982):
The adherence to rules and statutes by the very agency charged with their enforcement is especially necessary if the public and the parties regulated are to maintain respect and confidence in the decisions rendered by the agency. It is one thing to seek the revision or removal of unnecessary or burdensome rales and regulations. But to ignore such rules while they remain in force is to invite disrespect and will ultimately result in a breakdown of the system.
Because the Division neither provided the split sample, nor stayed the hearing once the request for the split sample was made, we find the Division in violation of its rules and reverse its ruling in this ease.
Reversed.