825 So.2d 421 (2002)
Robert J. FISH, D.D.S., Appellant,
v.
DEPARTMENT OF HEALTH, BOARD OF DENTISTRY, Appellee.
No. 4D01-2572.
District Court of Appeal of Florida, Fourth District.
June 19, 2002.
Rehearing Denied September 25, 2002.
*422 Max R. Price of Solms & Price, P.A., Miami, and Dennis Grossman, Fort Lauderdale, not admitted in Florida, for appellant.
Pamela H. Page of The Agency for Health Care Administration, Tallahassee, for appellee.
SHAHOOD, J.
We affirm the denial of appellant's petition for attorney's fees under section 57.111, Florida Statutes (2000), the Florida Equal Access to Justice Act (FEAJA), on the grounds that the Department of Health, Board of Dentistry (Department), was substantially justified in bringing the underlying disciplinary action against appellant.
In April 1997, fellow dentist Dr. Alan Horowitz, filed a complaint against appellant with the Department, alleging inter alia, that appellant misrepresented and or exaggerated his expert witness credentials on his curriculum vitae and that he knew he had been disqualified as an expert witness in another case and failed to include such fact in his curriculum vitae or admit such fact under oath in a deposition in a case against Dr. Horowitz. Pursuant to such complaint, the Department instituted an investigation into the allegations and appellant's license to practice dentistry in Florida.
After completing its investigation, the Department forwarded the investigative file to the Probable Cause Panel in order for it to determine whether an administrative complaint should go forward against appellant. Although appellant disputed the allegations in a timely response, such response was not before the Probable Cause Panel prior to its consideration of appellant's case. Following a hearing, the Probable Cause Panel determined that after reviewing the investigative report, the recommendation of the Department, and counsel, an administrative complaint should be filed against appellant with the Division of Administrative Hearings (DOAH).
Following the commencement of an administrative action, the Administrative Law Judge (ALJ), pursuant to the Department's motion, closed the DOAH action. Thereafter, appellant petitioned the court for attorney's fees under the FEAJA as a result of having to defend the action brought against him by the Department. He claimed that the underlying action against him was not substantially justified within the meaning of section 57.111,[1] *423 where his due process rights were violated when the Department failed to provide his response to the Probable Cause Panel prior to voting to go forward with the administrative complaint.
In denying his petition for fees, the ALJ concluded that while appellant made a prima facie showing of entitlement to an award of attorney's fees, the Department established that it was substantially justified in proceeding against him. We agree.
A proceeding is "substantially justified" if it had a reasonable basis in law and fact at the time it was initiated by a state agency. See § 57.111(3)(e), Fla. Stat. (2000). Generally, in resolving whether there was substantial justification for filing an administrative complaint against the licensee, one need only examine the information before the probable cause panel at the time it found probable cause and directed the filing of an administrative complaint. See Kibler v. Dep't of Prof'l Regulation, 418 So.2d 1081, 1084 (Fla. 4th DCA 1982).
In assessing the reasonableness of government action, for the Department to be "substantially justified" in initiating disciplinary action against a licensee, it "must have a solid though not necessarily correct basis in fact and law for the position it took in the action." McDonald v. Schweiker, 726 F.2d 311, 316 (7th Cir. 1983). To sustain a probable cause determination there must be some evidence considered by the panel that would reasonably indicate that the violation had indeed occurred. See Kibler, 418 So.2d at 1084. The evidence, however, need not be as compelling as that which must be presented at the formal administrative hearing on the charges to support a finding of guilt and the imposition of sanctions. See Dep't of Prof'l Regulation, Div. of Real Estate v. Toledo Realty, Inc., 549 So.2d 715 (Fla. 1st DCA 1989).
Notwithstanding the existence of a procedural due process error due to the Probable Cause Panel's failure to review appellant's timely response, we nevertheless conclude that there existed competent substantial evidence to support the ALJ's finding of substantial justification. Although the charges brought against appellant were subsequently withdrawn and the DOAH action dismissed, a review of the record and investigative file reveals that the Department was substantially justified at the time it initiated its disciplinary action. The DOAH action against appellant was dismissed, not because of any procedural irregularity, as espoused by appellant, but because two of the Department's key witnesses died and one witness had a disciplinary history with the Florida Bar. Thus, the Department strategically decided to forego any further prosecution against appellant.
The record supports the conclusion that the Probable Cause Panel had the complete investigative file before it prior to its consideration of appellant's case. And, while the Probable Cause Panel should have considered appellant's response prior to its determination to proceed with an administrative complaint, there is no evidence to conclude that the Probable Cause Panel would have reached a different result had it considered his response. Appellant's response to the investigative file disputed the allegations against him, but did not disprove or conclusively rebut those allegations. In fact, appellant's response highlighted the fact that there were disputed issues of fact as to the charges against him.
AFFIRMED.
GROSS and MAY, JJ., concur.
NOTES
[1] Section 57.111(4)(a), Florida Statutes (2000) provides that:

Unless otherwise provided by law, an award of attorney's fees and costs shall be made to a prevailing small business party in any adjudicatory proceeding or administrative proceeding pursuant to chapter 120 initiated by a state agency, unless the actions of the agency were substantially justified or special circumstances exist which would make the award unjust.