WHATLEY, Judge.
 

 Stephen W. Thompson, M.D., appeals the final administrative order denying his application for attorney’s fees pursuant to section 57.111(4)(a), Florida Statutes (2007) (Florida Equal Access to Justice Act). We reverse.
 

 The Department of Health filed an administrative complaint against Thompson based on a finding by a probable cause panel of the Board of Medicine. The complaint alleged that Thompson deviated from the accepted standard of care by leaving his surgical patient, who was under general anesthesia, for several minutes to attend to another patient.
 
 [1]
 
 An administrative law judge heard the case, found that the Department had not proven its allegations by clear and convincing evidence, and recommended that the complaint be dismissed. The Board of Medicine adopted the judge’s recommended order in favor of Thompson as its own. Thompson then
 
 *1151
 
 filed an application for attorney’s fees, which was denied by the administrative law judge based on her finding that the actions taken by the Department were substantially justified.
 
 See
 
 § 57.111(4)(a).
 

 Section 57.111(4)(a) provides:
 

 Unless otherwise provided by law, an award of attorney’s fees and costs shall be made to a prevailing small business party in any adjudicatory proceeding or administrative proceeding pursuant to chapter 120 initiated by a state agency, unless the actions of the agency were substantially justified or special circumstances exist which would make the award unjust.
 

 The sole issue in this appeal is whether the Department was substantially justified in bringing the action. We find no justification, substantial or otherwise. A recitation of the facts is enlightening. Thompson was going to perform several surgical procedures on T.C. at a surgery center across the street from the Birth Place at North Collier Hospital. He had arranged for his partner to cover his other patients. The Birth Place called and advised Thompson that an obstetrical patient of his was making rapid progress toward delivering her first child and that his partner was stuck in traffic. Thompson advised the Birth Place to find another obstetrician for the delivery. While in the operating room, Thompson received a second call from the Birth Place advising that no in-house physician was available and that no other physician could be located. If a physician did not arrive quickly, the child would be delivered without an attending physician.
 

 At the time of the second call to Thompson from the Birth Place, it had been determined that an instrument necessary for the next procedure on T.C. was not in the operating room and that the instruments needed for another of the procedures were not sterilized. Sterilization would take fifteen minutes. Thompson made the decision to run across the street and deliver the child. The delivery was made without complication for the mother or the child. Thompson then returned to the surgery center and completed successful surgery on T.C. He was gone from the surgery center for fifteen minutes.
 

 The administrative law judge erred in finding that the Department was substantially justified in filing the complaint against Thompson and that, therefore, Thompson is not entitled to attorney’s fees. The transcript of the meeting of the probable cause panel shows no discussion of the facts or issues before a panel member moved to find probable cause.
 
 See Kibler v. Dep’t of Prof'l Regulation,
 
 418 So.2d 1081, 1084 (Fla. 4th DCA 1982) (“Apparently item twenty on the docket was the charge against appellants. There was no evidence submitted or further discussion of the charge. In our view, this dialogue is better described as a ‘rubber stamp’ than a determination.... ”). Another panel member mentioned a Massachusetts incident in which a surgeon left a patient to go to the bank, but there was no discussion of the differences and similarities between that case and Thompson’s. Clearly, leaving one patient to attend to another differs widely from leaving a patient to visit a bank. It is clear that Thompson’s actions were taken in the arena of real world circumstances and not classroom discussion. Most telling is the fact that while seven pages of the documents submitted to the panel members regarding Thompson’s case were completely obscured, none of the panel members indicated such when asked by the chairman if they had found any missing pages or illegible copies among the materials they had received.
 

 
 *1152
 
 Under the circumstances presented, the Department was not substantially justified in filing a complaint against Thompson. Accordingly, we reverse the order denying Thompson’s application for attorney’s fees and remand for proceedings consistent with this opinion.
 

 Reversed and remanded.
 

 CASANUEVA and KHOUZAM, JJ., Concur.
 

 [1]
 

 . Subsequent to the initial finding of probable cause, the Department secured a second expert opinion. This opinion added the claim of failure to adequately document records in leaving the patient, T.C., to attend the other patient. The Department cannot use this second opinion to defeat Thompson’s attorney fee claim because the crux of the case was whether probable cause existed at the time the probable cause panel made its initial finding. If we were to address the issue of lack of documentation on the merits, we would reject it.