MORRIS, Judge.
 

 Todd P. Boetzel and Boetzel Landscaping, Inc. (collectively referred to as Boet-zel), appeal a final administrative order denying Boetzel’s petition for attorney’s fees and costs incurred in a proceeding filed by the Department of Business and Professional Regulation against Boetzel. On appeal, Boetzel argues that the administrative law judge (ALJ) erred in summarily denying Boetzel’s petition without first conducting an evidentiary hearing. We agree and reverse and remand for further proceedings.
 

 The Department filed an administrative complaint against Boetzel for the unlicensed practicing of landscape architecture and electrical contracting. After a final hearing, the ALJ recommended that the Department find Boetzel not guilty of the charged violations. The Department entered a final order adopting the ALJ’s recommendations.
 

 Boetzel then filed a petition for attorney’s fees and costs pursuant to section 57.111, Florida Statutes (2008). On November 17, 2008, the ALJ entered an initial order, directing the Department to file a response “no later than twenty days from the date of this [o]rder.” The initial order also stated:
 

 3. Within ten days of the filing of [the Department’s] response, [Boetzel] may request an evidentiary hearing.
 

 4. In case of a timely request, the [ALJ] will schedule an evidentiary hearing, and may do so
 
 sua sponte
 
 in any event. The evidentiary hearing will take place in Tallahassee, unless the [ALJ] orders otherwise. Unless [Boet-zel] or [the Department] timely requests one, an evidentiary hearing is waived, and the [ALJ] will decide for or against the award and the amount, if any, on the basis of the pleadings, the supporting documents, and the file of the Division of Administrative Hearings in the underlying proceeding.
 

 The Department filed its response on December 8, 2008. Pursuant to the initial order, Boetzel had until December 18, 2008, to request an evidentiary hearing.
 
 See
 
 Fla. Admin. Code R. 28-106.103 (“In computing any period of time allowed by this chapter, by order of a presiding officer, or by any applicable statute, the day of the act from which the period of time begins to run shall not be included.”). However, the ALJ entered its order denying Boetzel’s petition on December 17, 2008, before the time had expired for Boet-zel to request an evidentiary hearing. It is clear from paragraph 4 of the initial order that an evidentiary hearing would
 
 *782
 
 have been held “[i]n case of a timely request.” The ALJ thus erred in denying Boetzel’s petition while Boetzel still had time to make a timely request for a hearing.
 

 In addition, the statute under which Boetzel sought attorney’s fees and costs provides for an evidentiary hearing. Section 57.111(4)(d) states in pertinent part that the ALJ “in the case of a proceeding under chapter 120[] shall promptly conduct an evidentiary hearing on the application for an award of attorney’s fees and shall issue ... a final order.” Thus, section 57.111(4)(d) clearly provides for an evidentiary hearing to be held on a petition for attorney’s fees and costs.
 

 The Department argues that an eviden-tiary hearing is not required, relying on federal case law interpreting the federal statute after which section 57.111 was modeled.
 
 See, e.g., Launtzen v. Lehman,
 
 736 F.2d 550, 559 n. 12 (9th Cir.1984). Section 57.111 “will take the same construction in the Florida courts as its prototype has been given in the federal courts, insofar as such construction is harmonious with the spirit and policy of Florida legislation on the subject.”
 
 Dep’t of Prof'l Reg., Div. of Real Estate v. Toledo Realty, Inc.,
 
 549 So.2d 715, 717 (Fla. 1st DCA 1989). Unlike Florida’s version, the federal statute does not specifically provide for an evidentiary hearing but states that an award of fees should be based on the record in the underlying proceeding.
 
 See
 
 28 U.S.C. § 2412(d)(1)(B) (2006). Therefore, we need not construe section 57.111(4)(d) consistently with federal cases on this issue.
 

 Because Boetzel should have been given the full opportunity to request an eviden-tiary hearing as provided for in both the ALJ’s initial order and section 57.111(4)(d), we reverse the order denying its petition for fees and costs and remand for further proceedings consistent with this opinion.
 

 SILBERMAN and LaROSE, JJ., Concur.