NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

ALBERT C. GANZEMULLER and                )
JANICE R. GANZEMULLER,                    )
                                          )
      Appellants,                   )
                                          )
v.                                        )    Case No. 2D17-1284
                                          )
OMEGA INSURANCE COMPANY,                  )
                                          )
      Appellee.                     )
_____)

Opinion filed April 27, 2018.

Appeal from the Circuit Court for Polk
County; Keith P. Spoto, Judge.

Sean Estes of James Hoyer, P.A., Tampa;
Donna Stockham of Stockham Law Group,
P.A., Tampa; and John Marc Tamayo of
Valenti, Campbell, Trohn, Tamayo & Aranda,
P.A., Lakeland, for Appellants.

David B. Shelton of Rumberger, Kirk &
Caldwell, P.A., Orlando, for Appellee.


SILBERMAN, Judge.

        Albert and Janice Ganzemuller appeal a final order dismissing with

prejudice their class action complaint against Omega Insurance Company in which they

asserted claims for breach of contract and declaratory relief. The Ganzemullers

contended in the trial court, as they do here, that Omega improperly required them to

pay a deductible when Omega invoked its right to repair the property. They argue that subsection 627.7011(5)(e), Florida Statutes (2015), which references subsection 627.702(7), prohibits an insurer from requiring that the insured pay a deductible when the insurer invokes its right to repair property damage, regardless of whether the damage is a partial or total loss. The trial court entered its final order of dismissal, concluding that the Ganzemullers failed to state a cause of action and, under the applicable law, would not be able to state a viable cause of action. We affirm.

The facts are not in dispute. The Ganzemullers purchased homeowner's insurance from Omega that covered a one-year period beginning November 24, 2015. They selected a $1000 deductible, applicable to all perils except hurricane and sinkhole claims. Based on that selection, they received a $100 credit against their policy premium. It is not necessary to detail the contents of the policy other than to note that it includes provisions addressing loss settlement, the insurer's option to repair, and the deductible.[1]

In March 2016, the Ganzemullers' property suffered hail damage, and they filed a claim with Omega. Omega acknowledged coverage, and there is no dispute that the loss was a partial loss. Omega invoked its option under the policy to repair the damage and hired a contractor. The repair costs totaled $16,611.90, and the Ganzemullers were required to pay their $1000 deductible to the contractor. The Ganzemullers then filed their class action suit, contending that Florida law precludes the

---

[1]The pertinent insurance forms contained in the record include: HP-0085-00 (06/08); HO 00 03 04 91; HO-DEC (08/12); OM-002 (04/11); IL-0012 (09/05); and HP-0109-09 (10/13).

insurer from requiring payment of the deductible when the insurer elects to repair the damage.

Omega moved to dismiss the complaint, contending that the Ganzemullers did not have a viable claim. The trial court agreed and dismissed the action with prejudice, determining that neither the policy nor Florida law supported the Ganzemullers' cause of action. The issue on appeal is whether subsections 627.7011(5)(e) and 627.702(7) relieve the Ganzemullers and potential class members from the obligation to pay deductibles when Omega invokes its option to repair partial losses.

This court conducts a de novo review of an order granting a motion to dismiss. Al-Hakim v. Holder, 787 So. 2d 939, 941 (Fla. 2d DCA 2001). This court also employs the de novo standard when interpreting a statute or an insurance policy. Daniels v. Fla. Dep't of Health, 898 So. 2d 61, 64 (Fla. 2005); Bioscience West, Inc. v. Gulfstream Prop. & Cas. Ins. Co., 185 So. 3d 638, 640 (Fla. 2d DCA 2016). The issue here is one of statutory and contractual interpretation.

Section 627.702 is titled "Valued policy law." Subsection (1)(a) addresses the total loss of property and provides that "the insurer's liability under the policy for such total loss, if caused by a covered peril, shall be in the amount of money for which such property was so insured as specified in the policy and for which a premium has been charged and paid." § 627.702(1)(a). Subsection (7) provides as follows:

> (7) Nothing herein shall be construed as prohibiting an insurer from repairing or replacing damaged property at its own expense and without contribution on the part of the insured except, as provided in subsection (6), when an insured has elected to purchase stated value coverage. Such repair or replacement of damaged property shall be in

lieu of any liability created by subsection (1); and any insurer so repairing or replacing shall have no liability pursuant to subsection (1), provided such insurer returns to the named insured a portion of the premium, for all policy terms during which the policy limits were the same as those in effect on the date on which the loss occurred, equal to that portion of the premium paid for limits of insurance on the structure in excess of the cost of replacement.

§ 627.702(7).

Section 627.7011 is titled "Homeowners' policies; offer of replacement cost coverage and law and ordinance coverage." Among other things, the statute specifies those policies or endorsements that an insurer must offer prior to issuing a homeowner's insurance policy. Subsection (5)(e) provides that the statute does not "[p]rohibit an insurer from exercising its right to repair damaged property in compliance with its policy and s. 627.702(7)." § 627.7011(5)(e).

Even though subsection 627.702(7) is contained within the statute that addresses total losses, the Ganzemullers argue that the reference to it in subsection 627.7011(5)(e) makes subsection 627.702(7) equally applicable to partial losses. Thus, they contend, even though the policy may require payment of a deductible, once the insurer elects to repair damaged property, whether the loss is total or partial, the statutory provisions preclude the insurer from requiring payment of that deductible.

When interpreting a statute, we first must look at the plain language found in the statute. Daniels, 898 So. 2d at 64. "Where possible, courts must give full effect to *all* statutory provisions and construe related statutory provisions in harmony with one another." Forsythe v. Longboat Key Beach Erosion Control Dist., 604 So. 2d 452, 455 (Fla. 1992). And if the language of a statute is unambiguous, the court will not look beyond the statute's plain language. Daniels, 898 So. 2d at 64.

Subsection 627.702(1) specifically deals with total losses, and subsection (7) addresses the insurer's right to repair without contribution by the insured "in lieu of any liability created by subsection (1)." Thus, these subsections preclude the insurer from requiring the insured to make any contribution when the insurer elects to make repairs in total loss situations. The parties do not dispute that deductibles are covered by the "without contribution" language.

As discussed previously, section 627.7011 specifies those things that an insurer must offer prior to issuing a homeowner's policy. Subsection (5)(e) makes clear that section 627.7011 does not "[p]rohibit an insurer from exercising its right to repair damaged property in compliance with its policy and s. 627.702(7)." § 627.7011(5)(e). Nothing in this language suggests a statutory intent to eliminate policy deductibles for partial losses as well as total losses where the insurer elects to make repairs. Our conclusion is buttressed by the fact that subsection 627.702(7) provides that the insurer's repair or replacement of damaged property is in lieu of liability under subsection 627.702(1), which deals with the insurer's liability under the policy for a covered total loss.

In summary, the pertinent statutory sections relied on by the Ganzemullers do not eliminate an insured's obligation to pay the required deductible under the policy when the insured suffers a partial loss that the insurer elects to repair. Accordingly, we affirm the order dismissing the complaint with prejudice.

Affirmed.

KELLY and CRENSHAW, JJ., Concur.