DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**MARTHA C. CASTRO,**
Appellant,

v.

**PEOPLE'S TRUST INSURANCE COMPANY,**
Appellee.

No. 4D20-1070

[April 28, 2021]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Donald W. Hafele, Judge; L.T. Case No. 50-2018-CA-002002-XXXX-MB.

Daniel T. Galo of Ligman Martin, P.L., Wellington, for appellant.

Mark D. Tinker and Mary Lou Cuellar-Stilo of Cole, Scott & Kissane, P.A., Tampa, and Brett Frankel and Jonathan Sabghir of People's Trust Insurance Company, Deerfield Beach, for appellee.

DAMOORGIAN, J.

Martha Castro ("Castro") appeals the trial court's entry of final summary judgment in favor of People's Trust Insurance Company ("People's Trust"). The trial court found Castro materially breached the insurance policy by failing to comply with the policy's option to repair provision. On appeal, Castro argues summary judgment was improper because (1) People's Trust failed to establish she materially breached the policy; (2) the option to repair provision is invalid because it violates section 627.7011(3)(a), Florida Statutes (2017), which requires an insurer to pay actual cash value for the damaged property; (3) the option to repair provision is not enforceable because Castro did not sign the policy; and (4) People's Trust did not overcome Castro's affirmative defenses of unconscionability and inadequate consideration. We affirm on all issues and write only to address Castro's arguments that the option to repair provision was invalid and that she did not materially breach the policy.

Castro owns a home insured by People's Trust. The policy contains a Preferred Contractor Endorsement which gives Castro a premium discount/credit of $68. In exchange for the credit, People's Trust has the option to use Rapid Response Team, LLC ("Rapid Response") to repair any damages. Specifically, the Preferred Contractor Endorsement provides, in pertinent part:

> In consideration of the premium credit shown on "your" Declarations Page, "you" agree to the following:
>
> THIS ENDORSEMENT ALLOWS US AT OUR OPTION TO SELECT RAPID RESPONSE TEAM, LLC™ TO MAKE COVERED REPAIRS TO YOUR DWELLING OR OTHER STRUCTURES.
>
> "You" agree that in the event of a covered loss to "your" dwelling or other structures on the "residence premises," other than a sinkhole loss "we" at our option may select Rapid Response Team, LLC™ to repair "your" damaged property as provided by the policy and its endorsements.
>
> This endorsement does not reduce the applicable deductible under the policy. "You" will be responsible for paying the amount of the deductible to Rapid Response Team, LLC™.

In the event People's Trust exercises its repair option, the policy provides:

> **J. Our Option**
> At our option:
>
>  . . .
>
> 5. You must provide access to the property and execute any necessary municipal, county or other governmental documentation or permits for repairs to be undertaken.
>
> 6. You must execute all work authorizations to allow contractors and related parties entry to the property.
>
> 7. You must otherwise cooperate with repairs to the property.
>
> 8. You are responsible for payment of the deductible stated in your declaration page.

9. Our right to repair or replace, and our decision to do so, is a material part of this contract and under no circumstances relieves you or us of our mutual duties and obligations under this contract.

In June 2017, Castro, through her attorney, filed a claim for water damage under the policy. People's Trust inspected the property, notified Castro's attorney through a letter that it accepted coverage for the loss, invoked its option under the policy to repair the damages caused by the loss, and assigned Rapid Response to do the repairs. The letter explained that Castro was responsible for paying a $2,500 deductible to Rapid Response and requested Castro provide a "Sworn Proof of Loss" statement supported by a detailed estimate. Castro submitted the required sworn proof of loss. She also submitted the claim to appraisal, as the parties disputed the scope and cost of repairing the damage. In December 2017, an appraisal award was entered identifying the scope of the loss and the cost to repair the damage in the amount of $14,809.42.

People's Trust attempted to contact Castro to request her execution of an authorization form for repairs and compliance with the deductible. The first attempt was made to Castro's attorney on December 11, 2017; the second attempt was made to Castro's attorney on December 27, 2017[1]; the third attempt was made directly to Castro on December 29, 2017; and the fourth attempt was made directly to Castro on February 13, 2018. Castro did not respond, did not execute a work authorization for repairs, and did not pay the deductible.

On February 7, 2018, People's Trust received a mediation request from Castro's public adjuster. People's Trust responded that same day by directing the public adjuster to contact the Department of Financial Services to facilitate the mediation. The record contains nothing further regarding scheduling of mediation.

On February 16, 2018, People's Trust filed suit against Castro seeking (1) specific performance of the policy; (2) declaratory relief as to its coverage obligations; and/or (3) a finding that Castro materially breached the policy by failing to allow Rapid Response to make the repairs and failing to pay the deductible. Castro answered the complaint and denied breaching the policy, asserted affirmative defenses, and petitioned for a declaratory judgment seeking a court declaration that the option to repair

---

[1] The attorney's office responded advising it was no longer representing Castro and to contact Castro directly.

provision was not authorized by statute and not a valid option contract. Both parties later filed competing motions for summary judgment.

The matter ultimately proceeded to a summary judgment hearing. At the hearing, People's Trust argued its option to repair provision was proper and enforceable. Castro argued she was never put on notice that "she had to sign or else," that the policy provision at issue was unconscionable, and that she never selected a deductible. In granting summary judgment in favor of People's Trust, the trial court, in part, explained:

> The record reflects [People's Trust] timely exercised its election-to-repair, provided coverage for the reported loss, and completed appraisal in accordance with the Policy to determine the scope of repairs to the insured dwelling. Furthermore, Florida Statu[t]es and Florida case law recognizes and upholds an insurer's right to repair within an insurance policy as a means of indemnification. Castro's failure to return some form of a work authorization acknowledging that [People's Trust's] preferred contractor was authorized to commence covered repairs pursuant to the appraisal panel's estimated scope of repairs, and failure to either pay or make arrangements for payment of the applicable deductible was a material breach of the contract. That breach was inherently prejudicial, because it deprived [People's Trust] of the entire benefit of its bargain. Castro obtained a premium discount by selecting the Preferred Contractor Endorsement and its option to repair, but then denied [People's Trust] that very option to repair.

This appeal follows.

Section 627.7011, Florida Statutes (2017), provides:

> (3) In the event of a loss for which a dwelling or personal property is insured on the basis of replacement costs:

> (a) For a dwelling, the insurer must initially pay at least the actual cash value of the insured loss, less any applicable deductible. The insurer shall pay any remaining amounts necessary to perform such repairs as work is performed and expenses are incurred. If a total loss of a dwelling occurs, the insurer shall pay the replacement cost coverage without reservation or holdback of any depreciation in value, pursuant to s. 627.702.

§ 627.7011(3)(a), Fla. Stat. (2017). Section 627.7011(5) carves out an exception to subsection (3) and allows insurers to exercise a right to repair damaged property. Specifically, section 627.7011(5)(e) provides "[t]his section does not . . . [p]rohibit an insurer from exercising its right to repair damaged property in compliance with its policy *and* s. 627.702(7)." (emphasis added). Section 627.702(7), in turn, provides:

> Nothing herein shall be construed as prohibiting an insurer from repairing or replacing damaged property at its own expense and without contribution on the part of the insured except, as provided in subsection (6), when an insured has elected to purchase stated value coverage. Such repair or replacement of damaged property shall be in lieu of any liability created by subsection (1); and any insurer so repairing or replacing shall have no liability pursuant to subsection (1), provided such insurer returns to the named insured a portion of the premium, for all policy terms during which the policy limits were the same as those in effect on the date on which the loss occurred, equal to that portion of the premium paid for limits of insurance on the structure in excess of the cost of replacement.

§ 627.702(7), Fla. Stat. (2017).

With these parameters in mind, we address Castro's argument that the policy's option to repair provision is unenforceable because it violates section 627.7011(3)(a). In support of her argument, Castro highlights the use of the word "and" in section 627.7011(5)(e) and asserts that "an insurer can only choose to make repairs in lieu of a cash payment if the policy provides for repairs to be done and the loss falls within the type of loss addressed by [section] 627.702(7)." Because section 627.702(7) is found in the section governing total losses, Castro maintains that section 627.7011(5)(e) does not apply because she only suffered a partial loss. In other words, Castro argues that section 627.7011 only affords an insurer the option to repair if the property is a total loss.

We disagree with Castro's interpretation of the statute as such an interpretation would lead to absurd results. Although Castro is correct that section 627.7011(5)(e) states that an insurer is not prohibited "from exercising its right to repair damaged property in compliance with its policy *and* s. 627.702(7)," legislative intent mandates that the word "and" be construed as "or." *See Winemiller v. Feddish*, 568 So. 2d 483, 485 (Fla. 4th DCA 1990) ("[I]t is well settled in the law that courts may construe

5

'and' as 'or' in statutes where legislative intent mandates it."). Otherwise, as correctly argued by People's Trust, a right to repair option could never be triggered under the statute. This is because if a property is considered a total loss, there is no possibility of "repair." *See Citizens Prop. Ins. Corp. v. Hamilton*, 43 So. 3d 746, 753 (Fla. 1st DCA 2010) ("A building is considered an actual total loss, under the identity test, if it has lost its identity and specific character as a building, and becomes so far disintegrated, it cannot be possibly designated as a building, although some part of it may remain standing. [A] building is considered a constructive total loss when the building, although still standing, is damaged to the extent that ordinances or regulations in effect prohibit or prevent the building's repair, such that the building has to be demolished." (alteration in original) (internal citations and quotation marks omitted)). The legislature, by carving out an exception to subsection 627.7011(3) allowing insurers to exercise a right to repair damaged property, clearly did not intend for the interpretation advocated by Castro. Thus, we hold that the policy's option to repair provision is enforceable and entirely consistent with section 627.7011.

Our holding is further buttressed by the fact that "[t]he election-to-repair endorsement has been an established option for various Florida residential insurance policy forms for several years." *People's Tr. Ins. Co. v. Franco*, 305 So. 3d 579, 582 (Fla. 3d DCA 2020). And in fact, the Second District in *Ganzemuller v. Omega Insurance Co.*, 244 So. 3d 1189 (Fla. 2d DCA 2018), impliedly rejected the same argument presented by Castro on appeal. In deciding whether sections 627.7011(5)(e) and 627.702(7) relieved an insured from its obligation to pay the deductible when the insurer invokes its option to repair partial losses, the Second District explained:

> Subsection (5)(e) makes clear that section 627.7011 does not "[p]rohibit an insurer from exercising its right to repair damaged property in compliance with its policy and s. 627.702(7)." § 627.7011(5)(e). Nothing in this language suggests a statutory intent to eliminate policy deductibles for partial losses as well as total losses where the insurer elects to make repairs. Our conclusion is buttressed by the fact that subsection 627.702(7) provides that the insurer's repair or replacement of damaged property is in lieu of liability under subsection 627.702(1), which deals with the insurer's liability under the policy for a covered total loss.

*Id.* at 1191. In affirming the order dismissing the insureds' complaint with prejudice, the Second District held that "the pertinent statutory sections

relied on by the [insureds] do not eliminate an insured's obligation to pay the required deductible under the policy when the insured suffers a partial loss that the insurer elects to repair." *Id.* Thus, the Second District recognized that the option to repair a partial loss is authorized under the statute.

We next address the issue of whether Castro materially breached the policy by failing to execute the work authorization and failing to pay the deductible. Castro acknowledges that she failed to execute the work authorization and pay the deductible, but nonetheless maintains that she substantially complied with the policy by submitting the required proof of loss and invoking the appraisal process. We disagree.

Castro appears to conflate her compliance with unrelated policy provisions and the provisions at issue in this case. Regardless of her submission of the proof of loss and invocation of appraisal, it is undisputed that Castro failed to execute a work authorization and refused to pay the deductible as expressly required under the policy. It is further undisputed that Castro provided no explanation for her failure to comply with these two provisions. Castro's breach of these two provisions, in turn, deprived People's Trust of its contractual right to repair the property. Under these circumstances, we hold that Castro's failure to execute the work authorization and to pay the required deductible constituted a total breach of the policy's option to repair. *See Arguello v. People's Tr. Ins. Co.*, No. 4D20-69, 2021 WL 1202390, at *7 (Fla. 4th DCA Mar. 31, 2021) (Conner, J., concurring specially) (recognizing that if an insured refuses to sign the work authorization for repairs, it could constitute a reason for a complete forfeiture of the policy).

*Affirmed.*

Warner and May, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***