533 So.2d 840 (1988)
Ira W. THOMPSON, Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. 88-482.
District Court of Appeal of Florida, First District.
October 19, 1988.
Harry L. Witte of Patterson and Traynham, Tallahassee, for appellant.
John R. Perry, Asst. Dist. Legal Counsel, Tallahassee, for appellee.
ZEHMER, Judge.
Ira W. Thompson appeals a final order of the Division of Administrative Hearings denying his petition for attorney's fees filed pursuant to § 57.111, Florida Statutes (1987), the Florida Equal Access to Justice Act. We reject Thompson's contention that a state employee involved in a regulatory proceeding to determine his eligibility for continued employment is entitled to the protection of this act, and affirm.
This action originated in December 1986, when officials of Florida State Hospital determined that, by reason of the proscriptions in section 394.457(6), Florida Statutes (1987), Thompson was ineligible for continued employment in the position of Unit Treatment and Rehabilitation Director of Unit 27 of the Florida State Hospital because of his 1974 conviction for possession of cocaine. A formal hearing was held, at which time Thompson presented evidence of his rehabilitation and full pardon for this conviction. It was determined that Thompson's position of director was not a "care-taker" position within the meaning of section 393.0655, so the Department of Health and Rehabilitative Services was ordered to reinstate Thompson.
Thompson then filed a petition for attorney's fees pursuant to section 57.111. Thompson alleged that he became "a `prevailing small business party' in [DOAH Case No. 87-0290C] on November 24, 1987, when HRS entered a final order [sustaining his] position." Thompson contended he was a sole proprietor of an unincorporated business within the meaning of the act "because the action initiated against him *841 by the Agency involved his livelihood, and involved the Agency's determination, in its regulatory capacity pursuant to Chapter 393, Florida Statutes, that the Respondent did not meet the requirements necessary to engage in his profession." Thompson also contended that the Agency's actions were "substantially unjustified in law and in fact, and [that] no circumstances exist[ed] that would make the requested award unjust." The hearing officer denied the petition for attorney's fees, finding that Thompson did not meet the criteria outlined in § 57.111(3)(d) to be considered a "small business party."
Section 57.111, Fla. Stat. (1987), provides for an award of attorney's fees from the state to a "small business party" under certain circumstances in order to "diminish the deterrent effect of seeking review of, or defending against, governmental action." This section states in part:
(3)(d) The term "small business party" means:
1.a. A sole proprietor of an unincorporated business, including a professional practice, whose principal office is in this state, who is domiciled in this state, and whose business or professional practice has, at the time the action is initiated by a state agency, not more than 25 full-time employees or a net worth of not more than $2 million, including both personal and business investments;
* * * * * *
(e) A proceeding is "substantially justified" if it had a reasonable basis in law and fact at the time it was initiated by a state agency.
(4)(a) Unless otherwise provided by law, an award of attorney's fees and costs shall be made to a prevailing small business party in any adjudicatory proceeding or administrative proceeding pursuant to chapter 120 initiated by a state agency, unless the actions of the agency were substantially justified or special circumstances exist which would make the award unjust.
In this case, the hearing officer correctly found that Thompson did not fall within the statutory definition of "small business party." There is no evidence to support Thompson's contention that he is the sole proprietor of an unincorporated business, nor does he fit within the definition of partnership or corporation. Rather, the evidence shows that Thompson is a state employee employed on a salaried basis by the Florida State Hospital. By definition, the Florida Equal Access to Justice Act does not apply to individual employees such as Thompson. If the legislature had intended the act to apply to individual employees it could have said so.
We recognize the apparent unfairness in permitting the limited class of persons falling within the definition of "small business party" to recover attorney fees and costs while excluding other persons such as employees of private and governmental entities who are forced to litigate with state agencies. However, Thompson makes no attack on the constitutional validity of the statute; and whether to extend the act's protection beyond the limitations presently imposed by the statute is a matter for legislative, not judicial, action.
AFFIRMED.
ERVIN and WENTWORTH, JJ., concur.