647 So.2d 151 (1994)
FLORIDA REAL ESTATE COMMISSION, Appellant,
v.
Walter D. SHEALY, III, Appellee.
No. 93-1929.
District Court of Appeal of Florida, First District.
May 25, 1994.
Robert A. Butterworth, Atty. Gen., and Manuel E. Oliver, Asst. Atty. Gen., Orlando, for appellant.
Joel Hirschhorn and Robert M. Einhorn of Joel Hirschhorn, P.A., Coral Gables, for appellee.
ALLEN, Judge.
The Florida Real Estate Commission appeals an order by which the appellee was awarded an attorney's fee under section 57.111, Florida Statutes. Because the appellee was not a small business party as required by the statute, the appealed order must be reversed.
*152 The Commission initially denied the appellee's application for a real estate sales license. The appellee challenged this action and prevailed in an administrative proceeding, eventually obtaining licensure. The appellee then sought a section 57.111 attorney's fee, which may be recovered by a prevailing small business party. The appellee indicated that he desired the license for work which he intended to perform on behalf of a corporation wholly owned by himself and his spouse. However, the corporation was not a party to any of the proceedings below, and the appellee appeared in his individual capacity.
Section 57.111 authorizes an attorney's fee for a qualifying small business party, which must be a corporation, a partnership, or a sole proprietor of an unincorporated business. See § 57.111(3)(d)1.a and b, Fla. Stat. This does not encompass individual employees. Department of Professional Regulation v. Toledo Realty, 549 So.2d 715 (Fla. 1st DCA 1989); Thompson v. Department of Health and Rehabilitative Services, 533 So.2d 840 (Fla. 1st DCA 1988). Although the appellee and the corporation were found to be "one and the same entity" based on the appellee's control of the business, the statute does not permit such disregard of the corporate form.[*] The appellee was not a small business party as defined by the statute, and he thus should not have been awarded a section 57.111 attorney's fee.
The appealed order is reversed.
BARFIELD and WOLF, JJ., concur.
NOTES
[*] This case is unlike Ann & Jan Retirement Villa v. Department of Health and Rehabilitative Services, 580 So.2d 278 (Fla. 4th DCA 1991), where a corporation and its sole owner were described as "one and the same entity." In Ann & Jan the corporation, rather than the individual, was awarded the attorney's fee.