763 So.2d 1130 (1999)
Mounir ALBERT, D.D.S., Appellant,
v.
DEPARTMENT OF HEALTH, BOARD OF DENTISTRY, Appellee.
No. 99-0387.
District Court of Appeal of Florida, Fourth District.
December 29, 1999.
Opinion Granting Rehearing February 23, 2000.
*1131 Max R. Price of Solms & Price, P.A., Miami, for appellant.
Kathryn L. Kasprzak of the Agency for Health Care Administration, Tallahassee, for appellee.
KLEIN, J.
Appellant, a dentist, was the subject of a disciplinary proceeding involving a dispute as to whether he had improperly refused to furnish copies of dental records to a patient. After the case was dismissed, he filed a petition for attorney's fees under section 57.111, Florida Statutes (1997), which the administrative law judge denied. We reverse.
Section 57.111 authorizes the recovery of attorney's fees against the state, in some cases, by a "prevailing small business party" in administrative proceedings initiated by a state agency. Section 57.11(3)(d) defines "small business party" as:
1. a. A sole proprietor of an unincorporated business, including a professional practice, whose principal office is in this state, who is domiciled in this state, and whose business or professional practice has, at the time the action ... not more than 25 full time employees or a net worth of nor more than $2 million..., or
b. A partnership or corporation, including a professional practice, which has its principal office in this state and has at the time the action ... has not more than 25 full-time employees or a net worth of not more than $2 million ...
It was stipulated below that appellant satisfied the asset and employee requirements, but the judge concluded that appellant was not a "sole proprietor of an unincorporated business," because he practiced dentistry as a professional association. The judge also concluded appellant would not qualify as a "partnership or corporation" because the disciplinary complaint was brought against appellant individually.
Chapter 621, Florida Statutes (1997), authorizes professionals, such as the appellant, to operate their professional practices through professional service corporations. The Department does not dispute the fact that appellant's professional association is a corporation within the meaning of subsection (b) above. Rather the Department takes the position that because appellant's license to practice dentistry was issued to him individually, and not to the corporation through which he operates, appellant is not within the requirements of either subsection (a) or (b).
Although we must agree with the Department that a literal interpretation of subsections (a) and (b) would not include the appellant, this interpretation would lead to an absurd result which the legislature could not have intended. Amente v. Newman, 653 So.2d 1030 (Fla.1995). It is clear from the language of subsections (a) *1132 and (b), which both contain the term "including a professional practice," that the legislature intended for the statute to apply to professionals, regardless of whether they practice as sole proprietorships or professional service corporations. What the legislature overlooked is that the license to operate, which is generally the subject of the administrative proceedings, is issued to the individual, not the professional service corporation. The Department's interpretation would mean that professionals who have incorporated are not covered by subsection (b), and would render subsection (b) meaningless. In Unruh v. State, 669 So.2d 242, 245 (Fla.1996), our supreme court explained:
As a fundamental rule of statutory interpretation, "courts should avoid readings that would render part of a statute meaningless." Forsythe v. Longboat Key Beach Erosion Control Dist., 604 So.2d 452, 456 (Fla.1992); Villery v. Florida Parole & Probation Comm'n, 396 So.2d 1107 (Fla.1980); Cilento v. State, 377 So.2d 663 (Fla.1979). Furthermore, whenever possible "courts must give full effect to all statutory provisions and construe related statutory provisions in harmony with one another." Forsythe, 604 So.2d at 455. This follows the general rule that the legislature does not intend "to enact purposeless and therefore useless, legislation." Sharer v. Hotel Corp. of America, 144 So.2d 813, 817 (Fla.1962).
Our conclusion that fees should have been awarded under the statute in this case is supported by our decision in Ann & Jan Retirement Villa, Inc. v. Department of Health and Rehabilitative Services, 580 So.2d 278 (Fla. 4th DCA 1991). In that case an individual operated an adult living facility as a corporation in which she owned all of the stock. The license for the operation of the facility had been issued to the individual. An administrative proceeding was brought regarding the renewal of the license, which was eventually dismissed by the state, and the corporation moved for attorney's fees. The judge denied fees, and we reversed, holding that the individual and the facility "are one and the same entity," and that attorney's fees should have been awarded.
The Department relies on Department of Professional Regulation, Division of Real Estate v. Toledo Realty, Inc., 549 So.2d 715 (Fla. 1st DCA 1989), but that case is distinguishable. In that case, the Department of Professional Regulation had brought proceedings against Toledo Realty, Inc. and Ramiro Alfert, which were dismissed. The judge awarded fees under section 57.111 to Toledo Realty, Inc., but denied them to Alfert on the ground that he was an employee of Toledo Realty, Inc. and thus not within the definition of a small business party as provided in the statute. The first district affirmed the denial of fees to Alfert individually; however, the opinion does not reflect whether Alfert owned the stock in Toledo Realty, Inc. Accordingly, we interpret that case as standing for the proposition that an individual who is merely an employee cannot be a "small business party" within the meaning of section 57.111.
We reverse and remand for an award of attorney's fees to appellant.
FARMER and TAYLOR, JJ., concur.

ON MOTION FOR REHEARING
KLEIN, J.
The Department points out in its motion for rehearing that an award of attorney's fees under section 57.111(4)(a), Florida Statutes (1997) shall be made "unless the actions of the agency were substantially justified." Because that issue was not reached we should have remanded for reconsideration in light of that provision rather than simply remanding for an award of attorney's fees. We therefore grant the Department's motion for rehearing and modify our opinion to that extent.
FARMER and TAYLOR, JJ., concur.