898 So.2d 61 (2005)
Shari DANIELS, Petitioner,
v.
FLORIDA DEPARTMENT OF HEALTH, Respondent.
No. SC04-230.
Supreme Court of Florida.
March 10, 2005.
*62 Colleen M. Greene and Max R. Price of the Law Offices of Max R. Price, Miami, FL, for Petitioner.
Pamela H. Page, Section Head, Appellate Section and Dana Baird, Assistant General Counsel, Florida Department of *63 Health Bureau of Health Care, Tallahassee, FL, for Respondent.
QUINCE, J.
We have for review the decision in Daniels v. State Department of Health, 868 So.2d 551 (Fla. 3d DCA 2004), which certified conflict with the decision in Albert v. Department of Health, 763 So.2d 1130 (Fla. 4th DCA 1999), and Ann & Jan Retirement Villa, Inc. v. Department of Health & Rehabilitative Services, 580 So.2d 278 (Fla. 4th DCA 1991). We have jurisdiction. See art. V, § 3(b)(4), Fla. Const. For the reasons which follow, we approve the decision of the Third District Court of Appeal in Daniels, disapprove the decisions of the Fourth District Court of Appeal in Albert and Ann & Jan Retirement Villa to the extent that they are inconsistent with this opinion, and hold that the owner of a partnership or corporation who prevails in an administrative proceeding initiated by a state agency is not entitled to attorney's fees and costs under the Florida Equal Access to Justice Act when the complaint is filed against the owner in his or her individual capacity.

STATEMENT OF THE FACTS AND CASE
On September 20, 2001, the Florida Department of Health (Department) issued an administrative complaint against Shari Daniels, alleging that she had violated section 467.203(1)(f), Florida Statutes (2001).[1] Daniels disputed the allegations in the Department's complaint and requested a formal administrative hearing. On March 13, 2002, the Department referred the matter to the Division of Administrative Hearings (DOAH). On June 28, 2002, the Department filed a notice of voluntary dismissal. Consequently, an order was entered on July 3, 2002, closing the Department's file, canceling the scheduled final hearing, and closing the DOAH file.
On August 5, 2002, Daniels filed a petition for attorney's fees under the Florida Equal Access to Justice Act (FEAJA), section 57.111, Florida Statutes (2002), seeking an award of attorney's fees and costs. On August 26, 2002, the Department filed a motion to dismiss Daniels' petition. Daniels did not file a response to the Department's motion to dismiss, and on November 20, 2002, the administrative law judge entered an order granting the motion to dismiss with leave to file an amended petition on or before December 6, 2002. The motion to dismiss was granted because Daniels failed to allege sufficient facts to support her argument that she was a "small business party" as defined in FEAJA.
On December 2, 2002, Daniels filed an amended petition for attorney's fees under FEAJA. In support of her assertion that she is a "small business party," Daniels stated that (1) at the time the underlying action was initiated, her net worth (including both personal and business investments) did not exceed $2 million and she did not employ more than twenty-five full-time employees; (2) she is the sole shareholder of South Beach Maternity Associates, Inc., d/b/a Miami Beach Maternity *64 Center, a subchapter-S corporation;[2] (3) she and South Beach Maternity are one and the same entity; and (4) the administrative action stemmed solely from her treatment of a patient of South Beach Maternity. On December 11, 2002, the Department filed a motion to dismiss, and Daniels filed a response to the motion. Nonetheless, on January 2, 2003, the judge entered an order granting the motion to dismiss the amended petition for attorney's fees and providing a date for the filing of the proposed final order. The administrative law judge granted the motion, finding that Daniels had failed to allege sufficient facts to support her argument that she was a "small business party" within the definition of FEAJA.
In the final order, the administrative law judge, relying on Florida Real Estate Commission v. Shealy, 647 So.2d 151 (Fla. 1st DCA 1994), stated that the action in the underlying case was brought against Daniels individually and not her corporation. Thus, he found that allowing her to seek FEAJA fees for acts which she allegedly committed in her individual capacity as if she were a corporation would ignore the corporate form. He also distinguished the instant case from the two cases upon which Daniels relied, Ann & Jan Retirement Villa and Albert. Lastly, he expressly noted that Daniels was not operating as a professional service corporation. On appeal, the Third District affirmed, finding that the administrative complaint was filed against Daniels individually rather than against her corporation and that on this basis, the denial of FEAJA fees was proper. See Daniels, 868 So.2d at 551-52. We granted review based on certified conflict of decisions.

ANALYSIS
The key issue in this case is whether Daniels, the sole owner of a subchapter-S corporation, qualifies as a small business party as defined in section 57.111, Florida Statutes (2002), when suit is brought against her individually and not against the corporation. If she qualifies as a small business party, she is entitled to fees and costs under FEAJA. The question before us is a matter of statutory interpretation and is a question of law subject to de novo review. See State v. Glatzmayer, 789 So.2d 297, 301 n. 7 (Fla.2001). In construing a statute we are to give effect to the Legislature's intent. See State v. J.M., 824 So.2d 105, 109 (Fla.2002). In attempting to discern legislative intent, we first look to the actual language used in the statute. Joshua v. City of Gainesville, 768 So.2d 432, 435 (Fla.2000); accord BellSouth Telecomms., Inc. v. Meeks, 863 So.2d 287, 289 (Fla.2003). When the statute is clear and unambiguous, courts will not look behind the statute's plain language for legislative intent or resort to rules of statutory construction to ascertain intent. See Lee County Elec. Coop., Inc. v. Jacobs, 820 So.2d 297, 303 (Fla.2002). In such instance, the statute's plain and ordinary meaning must control, unless this leads to an unreasonable result or a result clearly contrary to legislative intent. See State v. Burris, 875 So.2d 408, *65 410 (Fla.2004). When the statutory language is clear, "courts have no occasion to resort to rules of construction  they must read the statute as written, for to do otherwise would constitute an abrogation of legislative power." Nicoll v. Baker, 668 So.2d 989, 990-91 (Fla.1996). Because statutes providing for attorney's fees are in abrogation of the common law, such statutes are to be strictly construed. See Sarkis v. Allstate Ins. Co., 863 So.2d 210, 223 (Fla.2003).
The statute at issue in this case, section 57.111, Florida Statutes (2002), is clear and unambiguous. It provides in relevant part:
57.111 Civil actions and administrative proceedings initiated by state agencies; attorneys' fees and costs. 
(1) This section may be cited as the "Florida Equal Access to Justice Act."
(2) The Legislature finds that certain persons may be deterred from seeking review of, or defending against, unreasonable governmental action because of the expense of civil actions and administrative proceedings. Because of the greater resources of the state, the standard for an award of attorney's fees and costs against the state should be different from the standard for an award against a private litigant. The purpose of this section is to diminish the deterrent effect of seeking review of, or defending against, governmental action by providing in certain situations an award of attorney's fees and costs against the state.
(3) As used in this section:
(a) The term "attorney's fees and costs" means the reasonable and necessary attorney's fees and costs incurred for all preparations, motions, hearings, trials, and appeals in a proceeding.
(b) The term "initiated by a state agency" means that the state agency:
. . . .
2. Filed a request for an administrative hearing pursuant to chapter 120;....
. . . .
(c) A small business party is a "prevailing small business party" when:

. . . .
3. The state agency has sought a voluntary dismissal of its complaint.
(d) The term "small business party" means:
1.a. A sole proprietor of an unincorporated business, including a professional practice, whose principal office is in this state, who is domiciled in this state, and whose business or professional practice has, at the time the action is initiated by a state agency, not more than 25 full-time employees or a net worth of not more than $2 million, including both personal and business investments; or
b. A partnership or corporation, including a professional practice, which has its principal office in this state and has at the time the action is initiated by a state agency not more than 25 full-time employees or a net worth of not more than $2 million;....
(4). . . .
. . . .
(d) The court, or the administrative law judge in the case of a proceeding under chapter 120, shall promptly conduct an evidentiary hearing on the application for an award of attorney's fees and shall issue a judgment, or a final order in the case of an administrative law judge. The final order of an administrative law judge is reviewable in accordance with the provisions of s. 120.68. If the court affirms the award of attorney's fees and costs in whole or in part, it may, in its *66 discretion, award additional attorney's fees and costs for the appeal.
§ 57.111, Fla. Stat. (2002) (emphasis added). In essence, a person who has requested review of a state agency action and is the prevailing party in the matter is entitled to attorney's fees and costs if the person fits the statutory criteria of a small business party.
The Department's complaint was filed against Daniels individually. Thus the question before this Court is whether she is included within the statutory definition of a "small business party"? Section 57.111(3)(d)(1)(a) defines a small business party as an entity that is a sole proprietor of an unincorporated business. Daniels does not fit this definition because she practices under South Beach Maternity, a subchapter-S corporation, and not as a sole proprietor. Additionally, she is not included within section 57.111(3)(d)(1)(b) because the agency filed a complaint against her as an individual and not against her corporation, South Beach Maternity. If the complaint had been filed against South Beach Maternity, fees might have been awarded under FEAJA.
A number of Florida cases have interpreted FEAJA on this issue consistent with the result reached by the court in this case. In Shealy, a case virtually identical to the instant matter, the First District Court of Appeal reversed an attorney's fees award made under FEAJA, finding that Shealy was not a small business party as required by the statute. 647 So.2d at 151. The Florida Real Estate Commission denied Shealy's application for a real estate license, which he needed in order to work for a corporation wholly owned by him and his wife. Shealy prevailed in an administrative proceeding, obtained the license, and sought attorney's fees from the Commission under FEAJA. In reversing the attorney's fees award, the First District said:
Section 57.111 authorizes an attorney's fee for a qualifying small business party, which must be a corporation, a partnership, or a sole proprietor of an unincorporated business. See § 57.111(3)(d)1.a and b, Fla.Stat. This does not encompass individual employees. Department of Professional Regulation v. Toledo Realty, 549 So.2d 715 (Fla. 1st DCA 1989); Thompson v. Department of Health and Rehabilitative Services, 533 So.2d 840 (Fla. 1st DCA 1988). Although the appellee and the corporation were found to be "one and the same entity" based on the appellee's control of the business, the statute does not permit such disregard of the corporate form. The appellee was not a small business party as defined by the statute, and he thus should not have been awarded a section 57.111 attorney's fee.
Id. at 152 (footnote omitted). The First District distinguished Shealy from Ann & Jan Retirement Villa, stating that Ann & Jan Retirement Villa involved a situation where the attorney's fees were awarded to the corporation rather than to the individual. See Shealy, 647 So.2d at 152, n*.
The First District reached a similar conclusion in Department of Professional Regulation v. Toledo Realty, Inc., 549 So.2d 715 (Fla. 1st DCA 1989). In Toledo Realty, the Department of Professional Regulation accepted a hearing officer's recommendation to dismiss a disciplinary complaint filed against Toledo Realty and Ramiro Alfert. After this dismissal, Toledo Realty was awarded attorney's fees under FEAJA, but Alfert was not. In affirming the denial of attorney's fees for Alfert, the First District found that he was not a "small business party" as defined by section 57.111(3)(d), since he was an employee of Toledo Realty.
*67 In Thompson v. Department of Health & Rehabilitative Services, 533 So.2d 840 (Fla. 1st DCA 1988), Thompson's employment as director of a unit of treatment and rehabilitative services at Florida State Hospital was terminated when officials learned of his prior conviction for cocaine possession. At a formal hearing, Thompson presented evidence that he was fully rehabilitated and pardoned for his prior conviction. The Department then reinstated him, and he thereafter filed a petition for attorney's fees under FEAJA. The hearing officer denied the petition, finding Thompson was not a "small business party" as defined by section 57.111(3)(d), because the action was brought against him as an individual. The First District affirmed and found that Thompson was a state employee employed on a salaried basis with Florida State Hospital. However, the First District recognized that there was some inconsistency in limiting the class of people who can utilize FEAJA when measured against the act's stated goal of access to review of state agency action. The First District observed:
We recognize the apparent unfairness in permitting the limited class of persons falling within the definition of "small business party" to recover attorney fees and costs while excluding other persons such as employees of private and governmental entities who are forced to litigate with state agencies. However, Thompson makes no attack on the constitutional validity of the statute; and whether to extend the act's protection beyond the limitations presently imposed by the statute is a matter for legislative, not judicial, action.
Id. at 841. There have been, however, no legislative changes made to the statute.
Despite this line of cases limiting fees to the literal language of the statute, other courts have found FEAJA fees awardable in individual cases. For example, in Albert, one of the conflict cases, Albert was subject to a disciplinary proceeding in which it was alleged that he had improperly refused to furnish copies of dental records to a patient. 763 So.2d at 1131. The suit was dismissed, and Albert sought attorney's fees under FEAJA. The administrative law judge denied the motion for fees and found that Albert was not a sole proprietor of an unincorporated business under section 57.111(3)(d)(1)(a), Florida Statutes, because he practiced as a professional association. The administrative law judge also found that Albert could not qualify as a corporation or partnership under section 57.111(3)(d)(1)(b), Florida Statutes, because the complaint was filed against him individually, not his professional association. In reversing the administrative law judge's denial of attorney's fees to Albert under FEAJA, the Fourth District stated:
Although we must agree with the Department that a literal interpretation of subsections (a) and (b) would not include the appellant, this interpretation would lead to an absurd result which the legislature could not have intended. Amente v. Newman, 653 So.2d 1030 (Fla.1995). It is clear from the language of subsections (a) and (b), which both contain the term "including a professional practice," that the legislature intended for the statute to apply to professionals, regardless of whether they practice as sole proprietorships or professional service corporations. What the legislature overlooked is that the license to operate, which is generally the subject of the administrative proceedings, is issued to the individual, not the professional service corporation. The Department's interpretation would mean that professionals who have incorporated are not *68 covered by subsection (b), and would render subsection (b) meaningless.
Id. at 1131-32.
In Ann & Jan Retirement Villa, the Department had issued a license to Sophie DeRuiter, who owned all the stock in an adult congregate living facility, Ann & Jan Retirement Villa, Inc. When DeRuiter tried to renew the license for the facility, the Department conducted a search through the Florida Protective Services System Control Abuse Registry and discovered that an investigation by Aging and Adult Services indicated that DeRuiter had been a perpetrator of medical neglect. Therefore, the Department denied DeRuiter's request to renew the license for Ann & Jan and also revoked her individual license until she could prove herself not guilty of the medical neglect charge. Ann & Jan appealed the denial of the license to the Division of Administrative Hearings. Ann & Jan filed a motion for summary judgment on the issues of the Department's revocation of DeRuiter's license and the denial of the license renewal. Thereafter, the Department filed a notice of dismissal. DOAH conducted a hearing on entitlement to attorney's fees and costs under FEAJA and denied the request for attorney's fees and costs. On appeal, the Fourth District reversed, finding that Ann & Jan, the entity that brought the appeal, and Sophie DeRuiter were "one and the same entity" and thus qualified as a "small business party" as defined by section 57.111(3)(d)  a sole proprietor of an unincorporated business. It is clear from the face of the opinion that the action was styled in the name of the business entity and not in the name of the individual owner/employee.
In reviewing these cases, it is clear that Shealy is more analogous to the instant case. As in Shealy, the administrative complaint in this instance was brought against the individual owner as an employee of the corporation and not against the corporation itself. Although Daniels and South Beach Maternity are one and the same entity in that Daniels controls South Beach Maternity and owns 100% of its stock, strict adherence to the language of section 57.111(3)(d) compels us to reach the conclusion that Daniels is not a small business party, because she is not a sole proprietor of an unincorporated business and because South Beach Maternity was not a party to any of these proceedings. Like Shealy, the First District's decisions in Thompson and Toledo Realty espouse the principle that an employee of a partnership or corporation is not entitled to recover attorney's fees and costs under FEAJA (even if that employee is also the owner) if the proceedings initiated by the State were brought against the employee individually, rather than the partnership or corporation.
The history of FEAJA is also instructive on this issue. Prior to the creation of FEAJA, the federal Equal Access to Justice Act, 5 U.S.C § 504 (2000), was passed on October 21, 1980. While it was amended twice, the portion of that federal statute central to the issue here has remained unchanged. It provides as follows:
(B) "party" means a party, as defined in section 551(3) of this title, who is (i) an individual whose net worth did not exceed $2,000,000 at the time the adversary adjudication was initiated, or (ii) any owner of an unincorporated business, or any partnership, corporation, association, unit of local government, or organization, the net worth of which did not exceed $7,000,000 at the time the adversary adjudication was initiated, and which had not more than 500 employees at the time the adversary adjudication was initiated....
*69 5 U.S.C. § 504(b)(1)(B) (emphasis added). Thus, the federal act specifically provides for the award of fees to qualifying individuals.
After its federal counterpart was created, the Florida Legislature enacted section 57.111, Florida Statutes, in 1984.[3] The portion of FEAJA which is at issue here, section 57.111(3)(d), was included in the original 1984 act and remains unchanged. It does not include individuals within the definition of "small business party" as its federal counterpart does in 5 U.S.C. § 504(b)(1)(B)(i). Thus, it can be inferred that the Legislature did not intend to permit individual owners of partnerships or corporations, such as Daniels, to recover attorney's fees and costs under FEAJA when the State initiates an administrative complaint against them individually. As the First District in Thompson appropriately commented, "[W]hether to extend the act's protection beyond the limitations presently imposed by the statute is a matter for legislative, not judicial, action." 533 So.2d at 841. We decline to look beyond the plain language of the statute, and leave expansion of the rights conferred under the statute to the Legislature.

CONCLUSION
Because the Department's complaint was filed against Daniels individually, she does not fall within either definition of a "small business party" contained in section 57.111(3)(d)1. Therefore, she is not entitled to attorney's fees and costs under the Florida Equal Access to Justice Act. We approve the decision of the Third District in this case and disapprove the Fourth District decisions in Albert and Ann & Jan Retirement Villa to the extent that they are inconsistent with this opinion.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, CANTERO, and BELL, JJ., concur.
LEWIS, J., concurs in result only.
NOTES
[1] 467.203 Disciplinary actions; penalties.  

(1) The following acts constitute grounds for denial of a license or disciplinary action, as specified in s. 456.072(2):
. . . .
(f) Engaging in unprofessional conduct, which includes, but is not limited to, any departure from, or the failure to conform to, the standards of practice of midwifery as established by the department, in which case actual injury need not be established.
§ 467.203(1)(f), Fla. Stat. (2001).
[2] A subchapter-S corporation, or simply S corporation, is one which does not have more than 75 shareholders (all of whom are persons and not entities), which does not have a resident alien as a shareholder, and which does not have more than one class of stock. 26 U.S.C. § 1361(b)(1) (2000). Shareholders of S corporations receive pass-through taxation (i.e., the S corporation's income is passed through to its shareholders so that they are taxed at the end of the year but the S corporation is not), unlike C corporations which have double taxation (i.e., the C corporation is taxed on its income and its shareholders are taxed on the income which they receive through dividends). Black's Law Dictionary 341, 344 (7th ed.1999).
[3] See ch. 84-78, Laws of Fla.