LAWSON, C.J.
Q.Q.P. appeals his adjudication of delinquency for resisting an officer without violence, arguing that the trial court erred by imposing $290.92 in investigative costs requested by the Orlando Police Depart *1158 ment.[1] He reasons that the relevant statutes only authorize imposition of costs of prosecution, and not costs of investigation, on a juvenile. We disagree, and affirm.
Effective July 1, 2013, the legislature enacted section 985.032(2), Florida Statutes, which reads: “A juvenile who has been adjudicated delinquent or has adjudication of delinquency withheld shall be assessed costs of prosecution as provided in s.938.27.” Section 938.27, Florida Statutes, provides in relevant part:
In all criminal and violation-of-probation or community-control cases, convicted persons are liable for payment of the costs of prosecution, including investigative costs incurred by law enforcement agencies, by fire departments for arson investigations, and by investigations of the Department of Financial Services or the Office of Financial Regulation of the Financial Services Commission, if requested by such agencies.
§ 938.27(1), Fla. Stat. (2013).
Because the relatively new section 985.032(2) authorizes the assessment of costs of prosecution “as provided in s.938.27,” — which expressly and unambiguously defines costs of prosecution as “including investigative costs” — we find that the plain language of the statute authorizes the assessment of investigative costs in juvenile cases. As such, it would be inappropriate to resort to the rules of statutory construction which Q.Q.P. relies upon to argue for a contrary result. See, e.g., Borden v. East-European Ins. Co., 921 So.2d 587, 595 (Fla.2006) (“[W]hen the statute is clear and unambiguous, courts will not look behind the statute’s plain language for legislative intent or resort to rules of statutory construction to ascertain intent.” (quoting Daniels v. Fla. Dep’t of Health, 898 So.2d 61, 64 (Fla.2005))).
AFFIRMED.
COHEN and LAMBERT, JJ., concur.

. Q.Q.P. also argues that the evidence was insufficient to support the delinquency finding because the officer who directed Q.Q.P. to stop did not have reasonable suspicion to detain him. We affirm as to this issue without discussion.