DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GARRISON PROPERTY & CASUALTY INSURANCE COMPANY,**
Appellant,

v.

**AVENTURA ORTHOPEDICARE CENTER, P.A.,**
a/a/o **ZULINDA DE LOS SANTOS,**
Appellee.

No. 4D21-379

[June 30, 2021]

Appeal from the County Court for the Seventeenth Judicial Circuit, Broward County; Phoebee Francois, Judge; L.T. Case Nos. COWE16-5530 and CACE19-23792.

Rebecca O'Dell Townsend and Scott W. Dutton of Dutton Law Group, P.A., Fort Lauderdale, for appellant.

Christina M. Kalin and John C. Daly of Daly & Barber, P.A., Plantation, for appellee.

FORST, J.

Appellant Garrison Property & Casualty Insurance Company ("Insurer") seeks review of the trial court's order denying its motion for summary judgment and granting Appellee Aventura Orthopedicare Center, P.A.'s ("Provider") motion for confession of judgment and attorney's fees. On appeal, Insurer argues that the trial court erred by granting final judgment in favor of Provider because Provider failed to respond to Insurer's requests for information pursuant to section 627.736(6)(b), Florida Statutes (2016). We agree and reverse.

## Background

Zunilda De Los Santos ("Insured") sustained injuries from a motor vehicle accident. Insured received treatment from Provider. On the first date of treatment, a qualified physician evaluated Insured and determined that Insured had suffered an emergency medical condition ("EMC").

Provider timely submitted a claim to Insurer for the costs of treatment and has consistently maintained that it included documentation of the EMC determination with the initial mailing of the claim documents. Insurer, on the other hand, has consistently maintained that it did not receive documentation of the EMC determination, although it acknowledges that it had received the remainder of the claim documents. In response to Provider's claim, Insurer tendered a portion of the funds along with an "Explanation for the Review Amount." In pertinent part, the "Explanation" stated:

> Per F.S.A 627.736(1)(a)4, $2500.00 has been reimbursed. In order to make any additional reimbursement decisions, please provide the determination of the patient's emergency medical condition by a provider authorized in 627.736(1)(a)3 & 4. This is a written request pursuant to F.S.A 627.736(6)(b).

Following the initial request, Insurer sent approximately thirty more identical requests to Provider seeking the EMC determination, two of which were sent in response to Provider's pre-suit demand letter. Provider did not respond to any of the (6)(b) written requests, electing instead to file suit.

During discovery, Provider eventually produced the EMC determination, and Insurer tendered the remaining balance due under the insurance policy to Provider. Following this payment, the only issue remaining between the parties was an award of attorney's fees pursuant to section 627.428, Florida Statutes (2016).

Insurer moved for summary judgment, maintaining that the suit was premature due to Provider's failure to comply with section 627.736(6)(b), Florida Statutes (2016). Provider countered with a motion for confession of judgment and award of attorney's fees because Insurer paid the claim after suit had been filed.

At the hearing on both motions, Insurer argued that, even if Provider established that the EMC determination had been sent to Insurer with the original claim documents, the suit was still premature because Provider failed to respond to any of Insurer's requests for information pursuant to section 627.736(6)(b). Insurer contended that the statute's language required Provider to respond to Insurer's request for information before filing suit, regardless of whether the EMC determination had been sent.

Following the hearing, the trial court issued a short order denying Insurer's motion for summary judgment and granting Provider's motion

for confession of judgment. A corresponding final judgment of dismissal was entered in Provider's favor. Insurer filed a timely notice of appeal.

## Analysis

"The issue before this Court is a matter of statutory construction, which we review de novo." *Diamond Aircraft Indus., Inc. v. Horowitch*, 107 So. 3d 362, 367 (Fla. 2013); *see also Delta Fire Sprinklers, Inc. v. OneBeacon Ins. Co.*, 937 So. 2d 695, 697 (Fla. 5th DCA 2006) ("The standard of review governing the ruling of a trial court on a motion for summary judgment posing a pure question of law is de novo.") (italics omitted).

In this case, we focus on two portions of section 627.736, Florida Statutes (2016). First, section 627.736(4)(b)2. provides in pertinent part:

> (b) Personal injury protection insurance benefits paid pursuant to this section are overdue if not paid within 30 days after the insurer is furnished written notice of the fact of a covered loss and of the amount of same. However:
>
> . . . .
>
> 2. If an insurer pays only a portion of a claim . . . the insurer shall provide at the time of the partial payment . . . an itemized specification of each item that the insurer had . . . declined to pay and any information that the insurer desires the claimant to consider related to the medical necessity of the denied treatment or to explain the reasonableness of the reduced charge if this does not limit the introduction of evidence at trial. . . .

Second, section 627.736(6)(b) states in pertinent part:

> Every [qualifying medical provider] . . . *shall, if requested by the insurer against whom the claim has been made,* furnish a written report of the history, condition, treatment, dates, and costs of such treatment of the injured person and why the items identified by the insurer were reasonable in amount and medically necessary, together with a sworn statement that the treatment or services rendered were reasonable and necessary with respect to the bodily injury sustained and identifying which portion of the expenses for such treatment or services was incurred as a result of such bodily injury, and produce, and allow the inspection and copying of, his or her or its

3

> records regarding such history, condition, treatment, dates,
> and costs of treatment if this does not limit the introduction
> of evidence at trial.

(emphasis added).

The best method to determine the legislature's intent is to "look to the actual language used in the statute." *Daniels v. Fla. Dep't of Health*, 898 So. 2d 61, 64 (Fla. 2005). "When the statute is clear and unambiguous, courts will not look behind the statute's plain language for legislative intent or resort to rules of statutory construction to ascertain intent." *Id.*

Here, Insurer paid only a portion of Provider's claim. However, in compliance with section 627.736(4)(b)2., Insurer specified the reason for not paying the claim's full amount (because it lacked the EMC documentation) and, pursuant to both section 627.736(4)(b)2. and (6)(b), Insurer set forth a request for the "information that the insurer desires the claimant to consider related to the medical necessity of the denied treatment." As noted above, section 627.736(6)(b) states that the party making the insurance claim "*shall*, if requested by the insurer against whom the claim has been made, furnish a written report of the history, condition, treatment, dates, and costs of such treatment of the injured person . . . ." § 627.736(6)(b), Fla. Stat. (2016) (emphasis added).

We have previously held that an insurer has "the right, pursuant to section 627.736(6)(b), to request a written report of the insured's condition." *Med. Ctr. of Palm Beaches v. USAA Cas. Ins. Co.*, 202 So. 3d 88, 92 (Fla. 4th DCA 2016). In the instant case, as in *Medical Center*, Provider's demand letter and lawsuit were "premature" due to Provider's failure to respond to Insurer's numerous section 627.736(6)(b) requests for EMC documentation. *See id.* at 92–93. Provider not only failed to send (or resend) the requested information to Insurer, Provider also failed to even respond and inform Insurer that it was under the impression that the EMC determination had been included in the initial mailing.

Section 627.736(6)(b) is mandatory in nature and does not contain an exception for a medical provider's assertions that the EMC determination had already been provided to the insurance company. As a safeguard for abuse of section 627.736(6)(b), the statute provides that "[t]he person requesting such records and such sworn statement shall pay all reasonable costs connected therewith." § 627.736(6)(b), Fla. Stat. (2016).

Accordingly, we agree with Insurer's answer brief statement that:

[Provider] was not permitted to ignore [Insurer's] [section 627.736]6(b) requests and then file suit, even if [Provider] believed that [it] had previously sent an EMC determination to [Insurer]. Litigation could have been avoided entirely if [Provider] had simply followed the statutory prerequisites to filing suit, spent 55 cents on a stamp, and mailed a copy of [Provider's] EMC determination to [Insurer] in response to any one of [Insurer's] thirty-three (33) requests for information pursuant to § 627.736(6)(b), Fla. Stat.

## Conclusion

We agree with Insurer that a provider (more accurately, the provider's attorneys) should not be rewarded for commencing an unnecessary lawsuit rather than complying pre-suit with a reasonable request for information/documentation. Such a response by Insurer would not only have been reasonable, but it would also have complied with section 627.736(6)(b), Florida Statutes (2016). Because Provider failed to respond to Insurer's requests for the EMC determination made pursuant to section 627.736(6)(b), its lawsuit was premature, and Insurer's post-suit payment did not constitute a confession of judgment. Accordingly, we reverse the trial court's denial of Insurer's motion for summary judgment and corresponding grant of Provider's motion for confession of judgment and attorney's fees. We remand with directions for the trial court to grant Insurer's motion for summary judgment.

*Reversed and remanded with instructions.*

LEVINE, C.J., and MAY, J., concur.

\*     \*     \*

***Not final until disposition of timely filed motion for rehearing.***

5