# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

—————————————

DIRTY DUCK 16004 LLC; DIRTY DUCK 16008 LLC;
SALLY S. DOWDLE, as trustee of the James C. Dowdle
Non-Exempt Marital Trust #2; GARY W. HARROD, as trustee
of the Gary W. Harrod Qualified Personal Residence Trust dated October
16, 2007; TERRENCE J. McCARTHY; and
ELIZABETH SCHMIDT,

Appellants,

v.

TOWN OF REDINGTON BEACH,
a Florida municipal corporation,

Appellee.

No. 2D23-251

—————————————

November 8, 2023

Appeal pursuant to Fla. R. App. P. 9.130 from the Circuit Court for
Pinellas County; Thomas M. Ramsberger, Judge.

Kyle B. Teal, Hala Sandridge, Chance Lyman, Christian C. Kohlsaat, and
Jesse Stolow of Buchanan Ingersoll & Rooney PC, Tampa, for Appellants.

Joseph P. Kenny of Weber, Crabb & Wein, P.A., St. Petersburg, Amicus
Curiae for Pamela Greacen and Arthur L. Buser, Jr.

Robert Michael Eschenfelder of Trask Daigneault, LLP, Clearwater, for
Appellee.

SILBERMAN, Judge.

The Town of Redington Beach enacted an ordinance premised on the doctrine of customary use that allows the public to use the dry sand beaches of privately owned beachfront properties for specified activities. As a result, Dirty Duck 16004 LLC; Dirty Duck 16008 LLC; Sally S. Dowdle, as Trustee of the James C. Dowdle Non-Exempt Marital Trust #2; Gary W. Harrod, as Trustee of the Gary W. Harrod Qualified Personal Residence Trust dated October 16th, 2007; Terence J. McCarthy; and Elizabeth Schmidt (the Owners) filed suit against the Town and alleged that the Town's customary use ordinance violates section 163.035, Florida Statutes (2021). In its operative complaint, the Owners alleged claims for (I) violations of procedural due process; (II) declaratory judgment; (III) injunctive relief; (IV) inverse condemnation (facial taking); (V) inverse condemnation (as applied taking, in the alternative); (VI) violation of separation of powers doctrine and home rule doctrine; and (VII) quiet title. The Owners now appeal the trial court's nonfinal Order Granting Defendant's Dispositive Motion for Judgment on the Pleadings as to Counts I-IV, VI and VII of the Plaintiffs' Amended Complaint (the Order). Count V for inverse condemnation as applied remains pending. The Owners specifically challenge the denial of injunctive relief based on the trial court's alleged misinterpretation of section 163.035.[1] *See* Fla. R. App. P. 9.130(a)(3)(B) (providing for review of nonfinal orders that deny injunctions).

Because the trial court did not misinterpret section 163.035 and because the Owners have not otherwise established reversible error, we

_____

[1] Two other beachfront property owners filed an amicus curiae brief in support of the Owners' position.

affirm the Order to the extent that it denies injunctive relief. We do not comment on the other issues raised on appeal, except to note that the Order incorrectly states without citation to authority that "an injunction is a form of relief, not a standalone cause of action." Although a claim for only temporary injunctive relief is not a standalone cause of action, a claim for temporary and permanent injunctive relief "satisfie[s] the requirement of an underlying cause of action." *McElroy v. Fla. Power & Light Co.*, 352 So. 3d 7, 8 (Fla. 4th DCA 2022); *cf. Skyway Trap & Skeet Club, Inc. v. Sw. Fla. Water Mgmt. Dist.*, 854 So. 2d 676, 681 (Fla. 2d DCA 2003) (recognizing "the trial court's apparent lack of authority to issue a temporary injunction granting relief which is not predicated on a complaint seeking permanent relief"). Because count V for inverse condemnation as applied remains pending, we remand for further proceedings on that count, with the Town permitted to raise the customary use doctrine as an affirmative defense pursuant to section 163.035(4).

## BACKGROUND

The customary use doctrine dates back to the English common law and was recognized in Florida in *City of Daytona Beach v. Tona-Rama, Inc.*, 294 So. 2d 73, 76-78 (Fla. 1974). It has recently been reiterated as follows:

> In England, persons of a certain locality or of a certain class may have, by immemorial custom, a right to make use of land belonging to an individual. Thus, there may be a custom for the inhabitants of a certain town to dance or play games on a particular piece of land belonging to an individual, or to go thereon in order to get water. So there may be a custom for fishermen to dry nets on certain land, or for persons in a certain trade (victualers) to erect booths upon certain private land during a fair. The custom, to be valid, must have continued from time immemorial, without interruption, and

3

as of right; it must be certain as to the place, and as to the persons; and it must be certain and reasonable as to the subject matter or rights created.

*Buending v. Town of Redington Beach*, 10 F.4th 1125, 1128-29 (11th Cir. 2021) (quoting *Tona-Rama*, 294 So. 2d at 78). As to Florida's beaches, our supreme court stated:

> We recognize the propriety of protecting the public interest in, and right to utilization of, the beaches and oceans of the State of Florida. No part of Florida is more exclusively hers, nor more properly utilized by her people than her beaches. And the right of the public of access to, and enjoyment of, Florida's oceans and beaches has long been recognized by this Court.

*Tona-Rama*, 294 So. 2d at 75. Thus, "[i]f the recreational use of the sandy area adjacent to mean high tide has been ancient, reasonable, without interruption and free from dispute, such use, as a matter of custom, should not be interfered with by the owner." *Id.* at 78.[2]

Effective July 1, 2018, the legislature enacted section 163.035, Florida Statutes, which governs the customary use doctrine. *See* ch. 2018-94, §§ 10, 14, Laws of Fla. Pertinent provisions of section 163.035 state the following:

---

[2] In *Tona-Roma*, a case involving whether the public had acquired a prescriptive easement on a private beach upon which the owner built an observation tower, the Florida Supreme Court determined that there was no adverse use and thus no prescriptive easement. 294 So. 2d at 78. However, the court stated, "The general public may continue to use the dry sand area for their usual recreational activities, not because the public has any interest in the land itself, but because of a right gained through custom to use this particular area of the beach as they have without dispute and without interruption for many years." *Id.*; *see also Trepanier v. County of Volusia*, 965 So. 2d 276, 286-93 (Fla. 5th DCA 2007) (discussing *Tona-Roma* and reversing summary judgment because issues of material fact remained concerning an alleged customary use of driving and parking on beaches).

4

**(2) Ordinances and rules relating to customary use.**—A governmental entity may not adopt or *keep in effect* an ordinance or rule that finds, determines, relies on, or is based upon customary use of any portion of a beach above the mean high-water line, as defined in s. 177.27, unless such ordinance or rule is based on a judicial declaration affirming recreational customary use on such beach.

**(3) Notice of intent to affirm recreation public use on private property; judicial determination.**—A governmental entity that *seeks to affirm* the existence of a recreational customary use on private property must follow the procedures set forth in this subsection.

§ 163.035(2), (3) (emphases added). Subsection (3) goes on to require notice and a public hearing, following which "the governmental entity must file a Complaint for Declaration of Recreational Customary Use with the circuit court in the county in which the properties subject to the notice of intent are located." § 163.035(3)(a), (b). The court is tasked with determining if the governmental entity met its burden to prove "that a recreational customary use exists." § 163.035(3)(b)2.

Section 163.035(4) provides as follows:

**(4) Applicability.**—*This section* does not apply to a governmental entity with an ordinance or rule that was adopted and in effect on or before January 1, 2016, and *does not deprive a governmental entity from raising customary use as an affirmative defense in any proceeding challenging an ordinance or rule adopted before July 1, 2018.*

(Emphases added.)

Before section 163.035 became effective, the Town adopted a customary use ordinance, Ordinance No. 2018-03, effective June 6, 2018 (the Ordinance), codified as section 13-30 of the Redington Beach Town Code. The Ordinance states, "The public's long-standing customary use of the dry sand areas of all of the beaches in the town for recreational purposes is hereby recognized and protected." It permits the public to

5

use the privately owned, dry sand areas of the beach for nine typical beach activities such as traversing the beach, fishing, sunbathing, sitting in a beach chair, using a beach umbrella that is less than seven feet in diameter, picnicking, and building sand creations. The Ordinance provides for a fifteen-foot private buffer from either the seaward toe of the dune or the habitable structure—whichever is more seaward.

After the Town enacted the Ordinance, the Owners allegedly noticed a marked increase in the number of people on the dry sand beaches of their properties. The Town allegedly encouraged the public to use the private beaches for engaging in the Ordinance's permitted activities, and the Owners were unable to exclude others from their properties. The Owners then filed their complaint against the Town on July 20, 2021, and filed the operative first amended complaint (the Complaint) on January 6, 2022, which sought injunctive relief in count III. The Complaint contains the following illustration:[3]



_____

[3] Graphic by Scott Sleeper, Fort Myers Florida Weekly (Aug. 29, 2018).

Count III sought "to recover full possession, including the right to exclude trespassers, of the private property landward from the mean high-water line."  The Owners alleged that the Town's passage of the Ordinance caused them immediate and irreparable injury and that they had no adequate remedy at law.  In paragraph 32 of its general allegations incorporated into count III, the Owners alleged that the Town violated section 163.035 by passing the Ordinance and keeping it in effect after July 1, 2018, without "seek[ing] a judicial declaration to affirm recreational customary use on the dry sand beaches."  The Owners asserted in count III that the Town had not legitimately claimed customary use and that they had a clear legal right to the relief requested.

The Town filed its answer and affirmative defenses which included the affirmative defense of the customary use doctrine.  The Town subsequently filed a motion for judgment on the pleadings on all counts except count V for inverse condemnation based on an as applied taking.  After a hearing on the motion, the trial court entered the Order on February 3, 2023, concluding that based on the entirety of the statute, the Ordinance was presumptively valid and, if challenged, the Town could raise and seek to prove its defense of customary use.  In making its determination, the trial court relied upon *Buending*, 10 F.4th 1125.  The trial court granted the Town's motion for judgment on the pleadings on all but count V and denied injunctive relief.  The Owners now appeal.

## ANALYSIS

Among the Owners' contentions in seeking reversal of the Order is that they have a clear legal right to exclude others from their property and that the Ordinance which precludes them from exercising that right is void and unenforceable because it violates section 163.035.

7

Dispositive of this appeal is our determination that the Ordinance does not violate section 165.035; therefore, the Owners are not entitled to injunctive relief.

The elements necessary for mandatory injunctive relief are the violation of a clear legal right, threatened irreparable harm, and the absence of an adequate remedy at law. *See Amelio v. Marilyn Pines Unit II Condo. Ass'n*, 173 So. 3d 1037, 1039 (Fla. 2d DCA 2015). Because we are reviewing a legal issue concerning the interpretation of section 163.035 to determine whether there was a violation of a clear legal right, our review is de novo. *See Freeman as Tr. of Fiddlesticks Land Tr. U/A/D September 25, 1984 v. Berrin*, 352 So. 3d 452, 454 (Fla. 2d DCA 2022).

In determining the meaning of a statute, its words "are of paramount concern, and what they convey, in their context, is what the text means." *Id.* (quoting *Levy v. Levy*, 326 So. 3d 678, 681 (Fla. 2021)). The "courts may not extend, modify, or limit the statute's express terms or its reasonable or obvious implications because to do so would be an abrogation of legislative power." *Searcy, Denney, Scarola, Barnhart & Shipley v. State*, 209 So. 3d 1181, 1189 (Fla. 2017). Unless it produces an unreasonable result, the "plain and ordinary meaning" of a statute's express terms is controlling. *Id.* (quoting *Daniels v. Fla. Dep't of Health*, 898 So. 2d 61, 64 (Fla. 2005)). "All parts of the statute must be given effect, and the Court should avoid a reading of the statute that renders any part meaningless." *Id.* All statutory provisions "must be read together in order to achieve a consistent whole." *Id.* (quoting *Borden v. E.–Eur. Ins. Co.*, 921 So. 2d 587, 595 (Fla. 2006)).

The Owners contend that the Town was required to seek a judicial determination to establish customary use under section 163.035(2) to "keep in effect" any ordinance enacted after January 1, 2016. Because

8

the Town did not seek such a judicial determination under section 163.035(3), the Owners contend that section 163.035(2) rendered the Ordinance void and unenforceable. In opposition, the Town argues that to construe section 163.065(2) in that manner does not give full effect to subsections (3) and (4) of the statute.

Section 163.035(2) provides that "[a] governmental entity may not adopt or keep in effect" a customary use ordinance concerning a beach unless the ordinance "is based on a judicial declaration affirming recreational customary use on such beach." Section 163.035(3) provides that "[a] governmental entity that seeks to affirm the existence of a recreational customary use on private property must follow" a specific procedure. That procedure requires notice and leads to a declaratory action in circuit court to determine whether the evidence demonstrates that the identified recreational uses "have been ancient, reasonable, without interruption, and free from dispute." § 163.035(3)(b)2.

Section 163.035(4) states:

> This section does not apply to a governmental entity with an ordinance or rule that was adopted and in effect on or before January 1, 2016, and *does not deprive a governmental entity from raising customary use as an affirmative defense in any proceeding challenging an ordinance or rule adopted before July 1, 2018.*

(Emphasis added.)

The Town points out that section 163.035(3) applies to entities that "seek to affirm" a customary use's existence and that this statute was not in effect when the Town adopted the Ordinance. The Town did not seek to affirm by ordinance any customary use after the statute's July 1, 2018, effective date. As to section 163.035(4), the legislature contemplated that there would be ordinances adopted between January 1, 2016, and June 30, 2018, and that they could be challenged in court,

9

with the governmental entity having the right to assert the affirmative defense of customary use. To support its position, the Town relies on the Eleventh Circuit's decision in *Buending*, which concerns the Ordinance at issue here. The Owners assert that the Eleventh Circuit got it wrong. We disagree.

Among the issues in *Buending* was whether the trial court erred in granting summary judgment to property owners who asserted "that the [O]rdinance violated Florida law and constituted an unlawful taking." 10 F.4th at 1127. The trial court determined that the Ordinance violated section 163.035, "reason[ing] that the Town violated the 'kept in effect' portion of the statute." *Id.* at 1130. The trial court found that the violation occurred because "the Town kept the Ordinance in effect after July 1, 2018, when § 163.035 went into effect, and did so without seeking a judicial declaration affirming customary use." *Id.* The Town asserted that the property owners' interpretation conflicted with section 163.035(4). *Id.* The property owners argued that the legislature intended for subsection (4) "to apply only to localities' defense of takings suits." *Id.*

> In addressing the issue, the Eleventh Circuit stated:
>
> [T]the Property Owners' view that § 163.035(4) is limited to suits against government takings contravenes a plain reading of the statutory text. Section 163.035(4) states that a locality may raise an affirmative defense of customary use "in <u>any</u> proceeding." Fla. Stat. § 163.035(4) (emphasis added). We understand "any proceeding" to mean any proceeding, including this one brought by the Property Owners here. We therefore decline to adopt the Property Owners' reading. *See Daniels*, 898 So. 2d at 64.
>
> Instead, we conclude that the Town was entitled to invoke customary use as an affirmative defense under § 163.035(4). Again, § 163.035(4) states that the statute "does not deprive a governmental entity from raising customary use as an

10

affirmative defense in any proceeding challenging an ordinance or rule adopted before July 1, 2018." Fla. Stat. § 163.035(4). The Ordinance was passed on June 6, 2018. *See* Ord. No. 2018-03. Thus, a plain reading of § 163.035(4) supports the conclusion that the Town was permitted to keep the Ordinance in effect after July 1, 2018 and raise an affirmative defense of customary use in defending against the Property Owners' lawsuit. *Daniels*, 898 So. 2d at 64.

*Buending*, 10 F.4th at 1131. The Eleventh Circuit vacated the determination "that the Ordinance is void under § 163.035 because it was kept in effect after July 1, 2018." *Id.* In addition, the Eleventh Circuit reversed the summary judgment in favor of the property owners on the Town's customary use defense because genuine issues of material fact remained regarding "whether the public's use of the Town's dry sand beaches is 'ancient, reasonable, without interruption and free from dispute.' " *Id.* at 1134 (quoting *Tona-Rama*, 294 So. 2d at 78).

Like the trial court did here, we find the Eleventh Circuit's decision persuasive. When section 163.035 is read as a whole, the statute's proper construction is that ordinances enacted from January 1, 2016, through June 30, 2018, are not rendered void by the statute but can be challenged, with the governmental entity permitted to raise customary use as an affirmative defense in any proceeding.[4] Because the trial court did not misinterpret section 163.035, we affirm the nonfinal Order to the extent that it denies injunctive relief. We remand for further proceedings on pending count V for inverse condemnation as applied, with the Town permitted to raise the customary use doctrine as an affirmative defense pursuant to section 163.035(4).

_____

[4] The trial court also pointed out that the Florida Legislature has not amended the statute in response to the *Buending* decision that issued on August 20, 2021.

11

Affirmed and remanded.

KELLY and MORRIS, JJ., Concur.

_____

Opinion subject to revision prior to official publication.