[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 24-11256

Non-Argument Calendar

_____

PROGRESSIVE EXPRESS INSURANCE
COMPANY,

Plaintiff-Counter Defendant
Appellee,

*versus*

KARINA MONASTERIO,

Defendant-Cross Claimant
Counter Claimant-Appellant,

UBER TECHNOLOGIES, INC.,

2                    Opinion of the Court                24-11256

Defendant-Cross Defendant
Appellee,

RASIER - DC, LLC,

Defendant-Cross Defendant
Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:23-cv-61354-DMM

_____

Before NEWSOM, BRANCH, and GRANT, Circuit Judges.

PER CURIAM:

Karina Monasterio appeals the district court's judgment in favor of Progressive Express Insurance Company on Progressive's complaint for declaratory judgment and Monasterio's counterclaim against Progressive, and in favor of Rasier-DC, LLC and Uber Technologies, Inc. on her crossclaim against those defendants. We affirm.

**I.**

Progressive brought this declaratory judgment action to clarify its rights, duties, and obligations under Florida's Transportation Network Company (TNC) Act regarding uninsured

motorist coverage.[1]  Specifically, Progressive sought a declaration that Florida law did not require it to provide uninsured motorist coverage for a car crash that occurred while Monasterio was engaged in a prearranged ride as an Uber "partner-driver" under contract with Rasier-DC.  Monasterio filed a counterclaim against Progressive and a crossclaim against codefendants Rasier-DC and Uber, seeking a declaration that Florida's TNC Act required Progressive, Rasier-DC, and Uber to provide uninsured motorist coverage for her accident.

Florida's TNC Act sets out requirements for automobile insurance coverage that applies when a TNC driver "is engaged in a prearranged ride."  Fla. Stat. § 627.748(7)(c).  The insurance coverage required by the TNC Act may be maintained by the TNC, the TNC driver, or the TNC vehicle owner, or it may be provided by a combination of their policies.  *Id.* § 627.748(7)(c)(1)(c)(2).  But if the TNC driver's insurance has lapsed or does not provide the required coverage, then "the insurance maintained by the TNC must provide the coverage required" under § 627.748(7).  *Id.* § 627.748(7)(d).  Among other requirements, the insurance must provide "[u]ninsured and underinsured vehicle coverage as required by s. 627.727."  *Id.* § 627.748(7)(c)(1)(c).

---

[1] In this opinion, we use the term "uninsured motorist coverage" as it is used in Florida's uninsured and underinsured vehicle coverage statute—that is, we use the term to include coverage for both uninsured and underinsured motor vehicles or vehicle operators.  *See* Fla. Stat. § 627.727(1), (3).

Section 627.727 of the Florida Statutes, in turn, provides that "[n]o motor vehicle liability insurance policy which provides bodily injury liability coverage shall be delivered or issued for delivery in this state with respect to any specifically insured or identified motor vehicle registered or principally garaged in this state unless uninsured motor vehicle coverage is provided therein or supplemental thereto." *Id*. § 627.727(1). The statute clarifies that the requirements for uninsured motorist coverage "do not apply to any policy which does not provide primary liability insurance that includes coverage for liabilities arising from the maintenance, operation, or use of a specifically insured motor vehicle." *Id*. § 627.727(2). For policies that do not provide liability coverage for any specifically insured motor vehicle, the insurer must make uninsured motorist coverage available as part of the application for insurance. *Id*. The statute also provides that "the coverage required under this section is not applicable when, or to the extent that, an insured named in the policy makes a written rejection of the coverage on behalf of all insureds under the policy." *Id*. § 627.727(1).

The auto insurance policy issued by Progressive to Rasier-DC did not provide uninsured motorist coverage for Rasier-DC or its TNC drivers. It provided bodily injury and property damage liability coverage, comprehensive and collision coverage, and limited medical payments coverage. It covered TNC drivers under contract with Rasier-DC if the driver was operating an "insured auto," which included "[a]ny auto" being used by a TNC driver providing a prearranged service using the ride-share application

accessed with the driver's valid credentials. The policy did not specifically identify any vehicles as insured vehicles.

The policy stated that Progressive would pay uninsured or underinsured motorist benefits if the named insured paid the premium for that coverage. Neither Rasier-DC nor any other named insured paid the premium for uninsured motorist coverage. To the contrary, an authorized representative of Rasier-DC signed a written statement explicitly rejecting all such coverage.

The district court entered summary judgment in favor of Progressive on Progressive's declaratory judgment complaint, and in favor of Progressive, Rasier-DC, and Uber on Monasterio's counterclaim and crossclaim. Monasterio now appeals.

## II.

We review a district court's order granting summary judgment de novo, applying the same legal standards as the district court. *Hegel v. First Liberty Ins. Corp.*, 778 F.3d 1214, 1219 (11th Cir. 2015). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We also review a district court's interpretation of a statute de novo. *Hegel*, 778 F.3d at 1219.

## III.

In a diversity-jurisdiction case like this one, we construe a state statute according to the state's rules of statutory interpretation. *Robbins v. Garrison Prop. & Cas. Ins. Co.*, 809 F.3d 583, 586

(11th Cir. 2015); *see Allen v. USAA Cas. Ins. Co.*, 790 F.3d 1274, 1279 (11th Cir. 2015).  Florida courts "follow the supremacy-of-text principle—namely, the principle that the words of a governing text are of paramount concern, and what they convey, in their context, is what the text means." *Ham v. Portfolio Recovery Assocs.*, 308 So. 3d 942, 946 (Fla. 2020) (alteration adopted and quotation omitted). "When the statute is clear and unambiguous, courts will not look behind the statute's plain language for legislative intent or resort to rules of statutory construction to ascertain intent." *Daniels v. Florida Dep't of Health*, 898 So. 2d 61, 64 (Fla. 2005).

Here, the statutory text is clear.  Florida's TNC Act requires TNC drivers engaged in a prearranged ride to have uninsured motorist coverage "as required" by the uninsured vehicle coverage statute, § 627.727.  Fla. Stat. § 627.748(7)(c)(1)(c).  So if § 627.727 requires uninsured motorist coverage, then the TNC Act also requires that coverage for TNC drivers.  If § 627.727 does not require uninsured motorist coverage, then neither does the TNC Act.

Section 627.727 did not require uninsured motorist coverage for the auto insurance policy covering Monasterio as a TNC driver, so the TNC Act did not require that coverage either.  To begin, the policy was not issued for any "specifically insured or identified motor vehicle" registered or garaged in Florida, so the requirements of § 627.727 did not apply.  *Id.* § 627.727(1), (2); *see Hooper v. Zurich Ins. Co.*, 789 So. 2d 368, 370 (Fla. Dist. Ct. App. 2001) (driver of vehicle not "specifically insured or identified" in policy was not entitled to uninsured motorist benefits under § 627.727).  And in any

event, uninsured motorist coverage was not required because Rasier-DC made "a written rejection of the coverage on behalf of all insureds under the policy." *Id.* § 627.727(1).

## IV.

Because § 627.727 did not require uninsured motorist coverage for the auto insurance policy at issue here, the TNC Act did not require Progressive, Rasier-DC, or Uber to provide that coverage for Monasterio. We therefore AFFIRM the district court's judgment.

**AFFIRMED.**